# UNITED STATES v. BARBER.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA.

No. 339. Submitted April 22, 1891. — Decided May 11, 1891.

Whether a complaint in a criminal proceeding is so unnecessarily prolix that the commissioner who drew it should not be allowed charges for it in excess of three folios, is a question of fact upon which the decision of the court below will be accepted.

It is within the discretion of a commissioner of a Circuit Court of the United States in Alabama, to cause more than one warrant against the same party for a violation of the same section of the Revised Statutes to be issued; and when the court below approves his accounts containing charges for such issues, it is conclusive upon the accounting officers of the Treasury that the discretion was properly exercised.

The acknowledgment of a recognizance in a criminal case by principal and sureties is a single act, for which only a single fee is chargeable.

THIS was a consolidation of three actions to recover for services as commissioner of the Circuit Court for the Middle District of Alabama. The services are admitted to have been rendered, and the accounts therefor approved by the proper court under the act of February 25, 1875, 18 Stat. 333. The United States interposed a demurrer to the petition, upon the hearing of which judgment was entered in favor of the peti-

tioner for $995.35, 35 Fed. Rep. 886, from which an appeal was taken and allowed to this court.

*Mr. John C. Chaney* for appellant submitted on his brief filed for appellant in *United States* v. *Barber, ante,* 164.

*Mr. R. R. McMahon* and *Mr. W. W. Dudley* for appellee submitted on their brief filed in that case.

MR. JUSTICE BROWN delivered the opinion of the court.

This case was submitted upon briefs filed in a prior case between the same parties, *United States* v. *Barber, ante,* 164, which, however, did not discuss the points involved, and in the absence of an assignment of errors, the demurrer also being general, we are compelled to look to the disallowances by the first comptroller, and to the opinion of the court, to ascertain the questions raised upon the hearing in the court below. The objections to the accounts appear to be as follows:

1. To all charges in excess of three folios for drawing complaints. While it is true that a complaint will not ordinarily exceed three folios in length, it is obvious that there are cases, as, for instance, in prosecutions for perjury or conspiracy, where it may be much longer than that. As the complaints to which this objection is taken appear to have been either under section 2461, for cutting timber upon the lands of the United States; under section 5440, for conspiracy; under section 5392, for perjury; or under section 5393, for subornation of perjury, it is entirely probable that more than three folios may have been necessarily employed in drawing such complaints. It is evident that no iron rule can be laid down upon the subject, that something must be left to the discretion of the district attorney and the commissioner, and that, if the complaints are not unnecessarily prolix, their action should be sustained. This is a question of fact in all cases, and as the court below has found, not only in its formal approval of this account, but in its opinion upon the demurrer, that no unnecessary verbiage was employed, and no surplusage to increase fees, we think the item should be allowed.

2. The objection to charges for more than one case against the same party for a violation of the same section of the Revised Statutes is somewhat more serious, and yet we think that, under the circumstances, it is not well taken.

The object of the proceedings before the committing magistrate is to secure the attendance of the accused to answer *any* indictment that may be found by the grand jury, and ordinarily one complaint is sufficient for that purpose, however numerous the charges may be against him. The grand jury may find indictments for as many violations of law as it may see fit, but this power does not render it necessary that he should be held to bail in more than one case. It does not follow, however, that more than one proceeding may not be instituted against him, and occasionally an exigency may arise that would render it expedient to do so. Much must be left to the discretion of the district attorney in that regard; he is the sworn officer of the government, and presumed to act in its best interests. In explanation of the duplication of warrants in this case, the petitioner states that "the different cases related to different and distinct acts, at different times and places, and about different and distinct matters and things, having no connection with each other, and with different persons as defendants and witnesses. That whatever would or might have been elsewhere, courts in Alabama do not dismiss a large number of indictments against any person for no other reason than that another indictment might yet remain upo, which the person, if agreeable, could be tried for some like or unlike offence, the pardoning power being placed only in the executive." While, for the reasons above stated, we are not entirely convinced by this statement, so far as it is an argument, there are certain facts contained in it which show that it was within the power of the commissioner to issue these warrants, and, under the case of *United States* v. *Jones*, 134 U. S. 483, the approval by the court of his accounts is conclusive that his discretion was properly exercised. If the officers of the Treasury were at liberty to question the propriety of every charge in all cases, the approval of the courts would be an idle ceremony. We can give no less weight to such ap-

proval than to say that it covers all matters within the discretion of the officer rendering the account. The exception to this item is therefore overruled.

3. We have already held that a fee is properly chargeable for the acknowledgment of a recognizance, but that such acknowledgment is a single act, though it be made by principal and sureties, and that but a single fee of 25 cents is chargeable therefor. *United States v. Ewing, ante*, 164.

These accounts must be allowed, with the exception of the fees charged for the acknowledgment of more than one person in each case.

*The judgment of the court below must be reversed, and the case remanded with instructions to enter a new judgment in conformity to this opinion.*

MR. JUSTICE BRADLEY did not sit in this case, and took no part in its decision.