## RAND *v.* UNITED STATES.

*(District Court, D. Maine. November 28, 1891.*

1. **UNITED STATES COMMISSIONERS—FEES—RES JUDICATA.**
   · The rejection by a district court of a United States commissioner's claim for fees because of a supposed want of jurisdiction is no bar to a subsequent suit therefor, when the circuit court, in a similar case, has held in favor of the jurisdiction.

2. **SAME—DOCKET FEES—RETROACTIVE LEGISLATION.**
   The clause in the deficiency act of August 4, 1886, (24 St. 274,) which declares that United States commissioners shall receive no docket fees, being general legislation, intended as an amendment to Rev. St. U. S. § 847, that clause must be held prospective only in its operation, and docket fees earned prior to its passage must be allowed.

3. **SAME—PRELIMINARY EXAMINATION OF OFFENDERS—FEES FOR RECOGNIZANCES.**
   Rev. St. § 1014, declares that the examination of persons charged with offenses against the United States is to be conducted agreeably to the usual mode of process in the state. Rev. St. Me. c. 133, §§ 10, 11, provide for taking the recognizance of an offender upon any adjournment of the examination. *Held,* that a United States commissioner examining offenders in Maine is entitled to fees for taking their recognizances from day to day.

4. **SAME—LENGTH OF RECOGNIZANCES.**
   Fees for such recognizances must be allowed, although the instruments exceed the length arbitrarily fixed by the comptroller as sufficient, when, upon inspection, they disclose no unnecessary verbiage.

5. **SAME—LENGTH OF COMPLAINTS—CHARGING DIFFERENT OFFENSES.**
   Persons arrested upon a complaint charging one offense cannot be held thereunder if the examination discloses a different offense, and therefore complaints cannot be objected to as too long because of charging more than one offense.

6. **SAME—PER DIEM FEES.**
   Commissioners are entitled to their *per diem* fees pending the preliminary examination of an offender, even though no witnesses are examined and no arguments heard on some of the days. *U. S. v. Jones,* 10 Sup. Ct. Rep. 615, 134 U. S. 483, and *U. S. v. Ewing,* 11 Sup. Ct. Rep. 743, 140 U. S. 142, followed.

7. **SAME—FEES FOR RECOGNIZANCES OF WITNESSES.**
   Commissioners conducting preliminary examinations are entitled to fees for recognizances of witnesses from day to day, and for final appearance at court, as well as fees for the acknowledgements thereto, but only for one recognizance in each instance for all the witnesses; and the length of such recognizances must be left to the commissioners' discretion.

8. **SAME—RETURNS AND COMMITMENTS.**
   Commissioners are entitled to fees for entering returns of warrants and summons, for filing complaints and warrants for commitments from day to day, and for the return of proceedings to court, and copies thereof, the same not being unnecessarily prolix.

9. **SAME—WARRANTS.**
   When a prisoner is transferred from state to federal custody, a new warrant is necessary, and the commissioner is entitled to a fee therefor.

At Law. Petition by Edward M. Rand for allowance of fees as a United States commissioner. Judgment for petitioner.

*Edward M. Rand, pro se.*
*Isaac W. Dyer,* U. S. Atty.

WEBB, J. This petition is for the allowance of fees as commissioner of the circuit court, which have been rejected by the comptroller of the treasury. As originally presented, the claim amounted to a total of $409.85. Subsequent amendments made under recent decisions of the supreme courts, in respect to fees of various officers, have stricken out items amounting to $162.75, leaving only the sum of $247.10 to be passed

upon by this court. The case is heard on demurrer, and the contention by the United States is that, though the services have all been performed, the petitioner is not legally authorized to charge them or to be paid for his work. Though the items are numerous, they belong only to a few classes. A portion of these items were included in the proceeding by this same petitioner in 1888, and was then, upon the authority of *Bliss* v. *U. S.*, 34 Fed. Rep. 781, held not to be within the jurisdiction of this court. *Rand* v. *U. S.*, 36 Fed. Rep. 671. Such disposition of the claim for supposed want of jurisdiction to pass upon its merits does not operate as a bar to this petition. The former ruling against the jurisdiction, because the demand has been rejected by the comptroller prior to March 3, 1887, must be regarded as erroneous, under the decision of the circuit court in this circuit and district in *Harmon* v. *U. S.*, 43 Fed. Rep. 560.

In this portion of the petition are charged docket fees aggregating $17, prior to August, 1886. The supreme court has declared that the proviso in the deficiency appropriation act of August 4, 1886, (24 St. 274,) was general legislation intended as an amendment of Rev. St. § 847, and not a mere restriction upon the use of the moneys appropriated by that act. *U. S.* v. *Ewing*, 140 U. S. 142, 11 Sup. Ct. Rep. 743. The enactment was, then, prospective in its operation, and had no retroactive effect upon docket fees before earned, and upon the authority of *U. S.* v. *Wallace*, 116 U. S. 398, 6 Sup. Ct. Rep. 408, the petitioner is allowed the $17 so charged. In the petition so amended no other docket fees are claimed. The items are: (1) Recognizances of parties, from day to day and final; (2) complaints; (3) *per diem* allowances; (4) recognizance of witnesses; (5) entering warrants and summons and warrants to commit; (6) copies of returns to court; (7) acknowledgments to recognizances; (8) warrants to commit from day to day.

The charges for recognizances of defendant from day to day are objected to as unwarranted. The objection has no weight. Proceedings for examination of persons charged with offenses against the United States are to be conducted "agreeably to the usual mode of process against offenders in such state." Rev. St. § 1014. The statute of the state of Maine expressly provides for recognizance of the party upon any adjournment of an examination. Rev. St. Me. c. 133, §§ 10, 11.

A further objection is that the recognizances exceed the length arbitrarily decided by the comptroller to be sufficient in all cases. Inspection of the records of these recognizances does not reveal any useless and unjustifiable verbiage. On the contrary, they are carefully and prudently framed for the protection of the government, if resort to the security of the recognizances should be necessary, and at the same time preserve the rights of defendants.

The fees for complaints are proper. *Rand* v. *U. S.*, 36 Fed. Rep. 672, 38 Fed. Rep. 666; *U. S.* v. *Ewing*, 140 U. S. 142, 11 Sup. Ct. Rep. 743.

It is suggested by the comptroller that a party arrested and brought before a commissioner upon a complaint for one offense may, without

any new proceeding, be bound over, or committed to answer for anything else in respect to which, in the progress of his examination, evidence against him may appear. Upon this ground complaints, charging in proper terms distinct offenses, are declared to be of excessive length, and fees for the same are reduced. The reasoning is, if upon the hearing it should transpire that the defendant cannot be held upon the charge made in the complaint, but had committed some distinct offense, "there would be no difficulty in holding him to answer for the latter, because the defendant is not held by the commissioner upon the papers issued, but upon the testimony as it is developed upon the hearing." To such a proposition no answer is necessary.

The fees for *per diem* allowance have been withheld upon the theory that such fees are not chargeable upon days when there was no examination of witnesses or arguments of counsel. This question may be regarded as now finally determined in favor of the charges. *U. S.* v. *Jones,* 134 U. S. 483, 10 Sup. Ct. Rep. 615; *U. S.* v. *Ewing,* 140 U. S. 142, 11 Sup. Ct. Rep. 743.

Recognizances of witnesses from day to day, when hearing was adjourned, and final, for their attendance at court, are proper charges. The length of the recognizance must be left to the discretion and integrity of the commissioner. It is not practicable to say beforehand what length is sufficient in all cases. By amendment, all charges in excess of one recognizance for all the witnesses in a case have been stricken out from the petition. Like amendment has been made in respect to acknowledgments of recognizances. The charges are proper. *U. S.* v. *Ewing,* 140 U. S. 142, 11 Sup. Ct. Rep. 743.

The return of proceedings to court, and copies returned to court, were in compliance with the requirement of a rule of court. There is no evidence that they were unnecessarily prolix. The petitioner has a right to be paid for them. He is also entitled to receive the amounts charged for entering returns of warrants and summons, and for filing complaints and warrants. *Rand* v. *U. S.,* 38 Fed. Rep. 666; *U. S.* v. *Ewing,* 140 U. S. 142, 11 Sup. Ct. Rep. 743; *U. S.* v. *Barber,* 140 U. S. 177, 11 Sup. Ct. Rep. 751. The theory that no warrant is necessary when the party accused is already in custody under process from the state court is untenable. When the state's custody ceases, there must be a proper process to authorize holding him in behalf of the United States. Warrants of commitment from day to day during the examination before the commissioner are proper. Rev. St. Me. c. 133, §§ 10, 11; *U. S.* v. *Ewing,* 140 U. S. 142, 11 Sup. Ct. Rep. 743.

On examination of treasury statements 116,967 and 121,602, I find in them errors of computation amounting together to $2.15, as claimed in the petition. No resistance to correction of these errors is made. No valid objection is found to any charge in the petition as amended, and judgment is ordered for the petitioner for the sum of $247.10, and for costs.