Wright, J.,
delivered the opinion of the court:
The claimant, as clerk of the Circuit and District Courts for the western district of Texas, made his accounts in duplicate for fees earned for the period between January 1, 1896, and June 30, 1901, as required bj1, the statute (18 Stat. L., 333), and marked them “original” and “duplicate,” respectively, and forwarded the former to the proper accounting officer of the Treasury, and the latter he retained in his office, as required by, and for the purposes specified in, the act to which we have referred. Claimant charged for 3,333 folios, contained in the “duplicates” of his accounts, at 15 cents per folio, as for making a record under the provisions of section 828, Revised Statutes, which was disallowed by the accounting officer, and this suit is for the purpose of a recovery of that item.
The statute (18 Stat. L., 333) requires:
“Accounts and vouchers of clerks, marshals, and district attorneys shall be made in duplicate, to be marked, respectively, ‘original’ and ‘duplicate.’ Audit shall be the duty of the clerk to forward the original accounts and vouchers of the officers above specified, when approved, to the proper account ing officers of the Treasury, and to retain in bis office the duplicates, where they shall be open to public inspection at all times.”
There is a well-defined distinction, pointed out in several cases decided by the Supremo Court, between services per *573 formed by the clerk in obedience to an order of the court and. the mandate of a statute; in the former case, he is as much entitled to compensation as if he were able to put his finger upon a particular clause of a statute authorizing compensation for such services. (United State v. Van Duzee, 140 U. S., 177.)
The question here, however, is one of rights under the statute, and unless compensation for the services performed is given by the statute none can be allowed. It was said in United States v. Jones (147 U. S., 673) that the labor of preparing one’s own accounts for services or fees is a mere incident to the rendition of the service, and is universally assumed by the creditor as his own burden. It is also familiar law — almost axiomatic — that a person who accepts an office takes it with all its burdens. It is for the clerk to ■make his own accounts if he would be paid. The statute prescribes how they shall be made. They shall be made in duplicate, to be marked, respective^", “original” and “duplicate,” the one for the Treasury officer, the other to be retained. The purpose of each is declared by the statute. The claimant is no more entitled to compensation for the “duplicate” than he is for the “original,” for his accounts are not made in conformity to the statute unless made in duplicate. The statute does not require, the “duplicate” to be entered or recorded upon the records of the court, and hence no record is made thereof in any proper or legal sense, nor within the meaning of the statute giving compensation for such a service. A duplicate, to be retained by the officer in his office, open to public inspection, without recording upon the records of the court, is not a record. It is merely what its name implies, that which is doubled or twice made — an original instrument repeated. “A document which is the same as another in all essential particulars.” (Burrill’s Law Dic., vol. 1, 526.) Until the officer had made his accounts in duplicate he had not made them at all in a legal sense. He is given no compensation for making his accounts, and hence an order will be entered dismissing the petition.