## RIPPERGER v. A. C. ALLYN & CO., Inc., et al.

### No. 406.

Circuit Court of Appeals, Second Circuit.

July 15, 1940.

Jacob K. Javits and Percival E. Jackson, both of New York City, for appellant.

Claire W. Hardy, of Chicago, Ill., for appellee A. C. Allyn & Co., Inc.

Sullivan & Cromwell, of New York City (John C. Bruton, Jr., and Frank J. Berberich, both of New York City, of counsel), for appellee First Boston Corporation.

Before SWAN, CLARK, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

This appeal is submitted upon an agreed statement pursuant to Rule 76, Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c. The question presented is whether the court erred in holding that orders of dismissal for lack of jurisdiction on the ground of improper venue entered in a prior suit on

the same cause of action and in the same court require dismissal of the present suit as against the appellees on the principle of res judicata.

The facts are briefly as follows: In 1938 the plaintiff, as receiver of United States Electric Power Corporation, incorporated in Maryland, brought suit in the district court for the southern district of New York against the directors of said corporation and others, charging a conspiracy to use the corporate assets for their private profit. Among the defendants named in that suit were A. C. Allyn & Co., Inc., a Delaware corporation, and First Boston Corporation, a Massachusetts corporation. As neither of the corporations nor the plaintiff was a citizen or resident of New York, they respectively moved to vacate service of summons and to dismiss the complaint as to them for lack of jurisdiction on the ground of improper venue. These motions were granted. The plaintiff took no appeal from the orders of dismissal. Thereafter he instituted similar suits based upon the same transactions against First Boston Corporation and A. C. Allyn & Co., Inc., in the federal district courts of Massachusetts and Delaware, respectively. These cases are at issue and awaiting trial. After the decision of the Supreme Court in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U. S. 165, 60 S.Ct. 153, 84 L.Ed. 167, the plaintiff brought the present suit against the appellees and another corporation, Schroder-Rockefeller & Co., Inc., which had not previously been sued. The complaint in the present suit alleges that each of the appellees had designated an agent for service of process within the state of New York. In all other respects the complaint is similar to the complaint in the plaintiff's former suit in the court below and sets forth the same transactions. On motions of the appellees the complaint was dismissed as to them on the ground that the orders of dismissal in the former suit are res judicata on the question of the district court's lack of jurisdiction for want of venue in the present suit. By this appeal the plaintiff seeks to reverse that holding and, if he succeeds, he intends to apply for an order consolidating for trial the present action with his former action, which is still pending against other parties and is expected to come to trial next September.

The appellant concedes, as he necessarily must on the authorities, that a decision in favor of jurisdiction is res judicata and invulnerable to collateral attack, even though the ground on which the decision was rested has subsequently been overruled. See United States v. Moser, 266 U.S. 236, 242, 45 S.Ct. 66, 69 L.Ed. 262; Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 524, 51 S.Ct. 517, 75 L.Ed. 1244; American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298; Chicot County District v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329; Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263; Sorenson v. Sutherland, 2 Cir., 109 F.2d 714, 718, certiorari granted sub nom. Jackson v. Irving Trust Co., 310 U.S. 621, 60 S.Ct. 1103, 84 L.Ed. ——. But he advances the contention that a decision that jurisdiction is lacking leaves the parties as though no action had ever been brought and therefore presents no bar to a subsequent action even in the same court. We think the argument ingenious but unsound. A court has power to determine whether or not it has jurisdiction of the subject matter of a suit and of the parties thereto. As Mr. Justice Brandeis remarked in American Surety Company v. Baldwin, supra, [287 U.S. 156, 53 S.Ct. 101, 77 L.Ed. 231, 86 A.L.R. 298], "The principles of res judicata apply to questions of jurisdiction as well as to other issues." No reason is apparent why the rule should be less applicable to a decision denying jurisdiction than to one sustaining it. The case of Rand v. United States, D.C.Me., 48 F. 357, at 358, affirmed in 1 Cir., 53 F. 348, without discussion of the point, appears to support the appellant's position, but we respectfully disagree with it. Compare Armour & Co. v. Kloeb, 6 Cir., 109 F.2d 72, certiorari granted 310 U.S. 621, 60 S.Ct. 1099, 84 L.Ed. ——.

The other cases relied upon by the appellant are readily distinguishable. It will suffice to refer to Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986. There the first suit was dismissed because the complaint did not allege the requisite jurisdictional facts, and the dismissal was held to be no bar to a second suit in the same court in which the complaint did state them. But in the case at bar both complaints are alike except for

the non-jurisdictional allegation in the second complaint that the appellees had respectively appointed an agent for service of process within the state of New York. Such appointment antedated the first suit. Improper venue is a waivable defense, and no allegation as to venue is required in the complaint. Note 3 to Official Form 2, following Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; 1 Moore's Fed.Prac. 470. Whether the designation of a statutory agent for service of process constituted a consent to be sued in the district court for the southern district of New York was a question necessarily involved in the controversy presented by the motions to dismiss the first complaint as against the present appellees, and the fact of such designation could have been shown by affidavit, as it was in Neirbo Co. v. Bethlehem Shipbuilding Corp., supra. There has been no change in the facts upon which the venue privilege depends. The orders of dismissal in the former suit necessarily determined that the defense of improper venue had not been waived. No appeal having been taken, the former decision stands as a conclusive determination of that issue between the parties.

Orders affirmed.