In the Matter of LONG ISLAND LIGHT-
ING COMPANY et al.

Ennis M. NICHOLS et al., Appellants,

v.

Harry A. ALKER et al., Appellees.

Nos. 365, 366, Docket 24501, 24502.

United States Court of Appeals
Second Circuit.

Argued April 8, 9, 1957.

Decided May 3, 1957.

Harold G. Aron, New York City, for appellants.

David K. Kadane, Mineola, N. Y., Bertram D. Moll, Mineola, N. Y., of counsel, for appellees Long Island Lighting Company, Barrett, Fraser, Hausman, Blakeslee, Carpenter, Coe, Doebler, Link, Olmsted, Crummey, Hagerty, Booth, Tegen, Koons, Miles, Langley, Elbert and pro se.

Charles C. Lockwood, New York City, for appellee Vanneck.

Percival E. Jackson, New York City, pro se.

Winthrop, Stimson, Putnam & Roberts, New York City, Peter H. Kaminer, New York City, of counsel, for appellee Marks.

Before HAND, MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

These appeals are from orders made in this voluminous litigation, which we shall consider seriatim, beginning with the order in No. 14890.

#### No. 14890.

This appeal is from an order, entered on October 25, 1956, denying the plaintiffs' motion that the District Court "proceed to a trial of the issues of fraud and conspiracy set forth in the complaint." The action was begun in October 1954, by shareholders of the Long Island Lighting Company against its directors and others, alleged to have been in complicity with them, and was to recover damages suffered by the shareholders because of the fraudulent manipulation by the defendants of a reorganization of the company, the result of which was to put the common sharehold-

ers in a greatly inferior position in the reorganized company to that they had occupied in an earlier proposed reorganization. The defendants moved in the District Court to dismiss this action for reasons stated at large in our decision in Nichols v. Alker, 2 Cir., 231 F.2d 68, and the court granted the motion by an order that we affirmed on February 14, 1956. The plaintiffs moved for a rehearing which we denied on March 13, 1956, and thereafter moved this court to compel the defendants to answer the complaint, a motion which we described as in effect "a second petition for rehearing." This motion we denied, 2 Cir., 235 F.2d 246, but we added that the plaintiffs might, if they chose, apply to the District Court to reopen the reorganization ("enforcement") proceeding under Fed. Rules Civ.Proc. rule 60(b), 28 U.S.C.A. upon "substantial evidence of fraud which was not obtainable by due diligence in time to present it either in the original reorganization proceedings or in the subsequent petition filed in 1952, to reopen the reorganization proceeding." The plaintiffs never applied to the District Court to reopen the reorganization proceeding, so that, strictly speaking, the motion that the order now on appeal denied, was not within the leave granted. That order is, however, the equivalent of a denial of a motion to reopen the dismissal of the action (No. 14890), and, *arguendo*, we will assume that the conditions we laid down for reopening the reorganization proceeding would apply to it. Regarded as such a motion it did not, however, conform to the prescribed conditions, for the plaintiffs conceded at the hearing that they had "discovered no new evidence since 1952." Thus the motion to proceed in the action, not being within the leave granted in 231 F. 2d 68, was properly denied even though it be treated as one to reopen the reorganization proceeding. Indeed, it is even less defensible, if treated as what in fact it was: i. e., a motion to proceed in the action. The order will therefore be affirmed.

No. 10413.

■■ The order on appeal in the reorganization proceeding enjoined the common shareholders, Nichols and their attorney, Aron, "from commencing or prosecuting any action, suit, or proceeding at law, or in equity, in any court or before any executive or administrative officer, commission or tribunal, based on the allegations of wrong-doing, fraud or conspiracy" contained in the complaint in No. 14890, or in the complaint in an earlier action of Nichols v. Long Island Lighting Company, the judgment dismissing which we affirmed in Nichols v. Long Island Lighting Company, 2 Cir., 207 F.2d 931. In Nichols v. Alker, 2 Cir., 231 F.2d 68, 79, 80, we declared that we thought "it proper to suggest that if the plaintiffs, unless they can show further justification than that shown in their present complaints and in those heretofore dismissed, should make yet another motion for reopening to the enforcement court, an order of denial be entered accompanied by an appropriate injunctive order directed to counsel as well as to plaintiffs restraining further litigation against the reorganized company and those individuals who directly or indirectly participated in its reorganization."

The motion of the Long Island Lighting Company and the defendants in the reorganization proceeding, No. 10413, that resulted in the order, from which we have quoted, was in accord with this suggestion save in one particular: i. e., the plaintiffs did not, as we have said, move "for reopening to the enforcement court," nor has any "order of denial" been entered in that proceeding. However, the plaintiffs do not press this distinction, and it is patently immaterial, because exactly the same issues were raised in the motion made in No. 14890 that we gave the District Court leave to forbid litigating in the reorganization proceeding.

The same claims of fraud upon the shareholders have been presented over and over again, and we have always held that any relief upon them was foreclosed.

With unparalleled insistence the argument has been repeated that the shareholders have never had any opportunity to present their evidence; and we have always denied that this was true. *Interest rei publicae ut sit finis litium.* We will not, as the defendants ask, impose more than the ordinary costs; but it is only fair to say that those persons mentioned in the injunction in No. 10413, which we now affirm, must realize the District Court will be free to apply such sanctions to its enforcement as are available in the case of any other injunction.

Orders affirmed.