Evelyn **LOUCKE**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

United States District Court
S. D. New York.
Nov. 20, 1957.

Benjamin H. Wisner, New York City, for plaintiff.

Paul W. Williams, U. S. Atty. for Southern District of New York, New

York City, Arthur V. Savage, Asst. U. S. Atty., New York City, of counsel, for defendant.

HERLANDS, District Judge.

Plaintiff is seeking to recover the sum of $10,000 as beneficiary of her deceased son, pursuant to the Servicemen's Indemnity Act of 1951, 38 U.S.C.A. § 851. Plaintiff filed a claim for the full amount before the Veterans Administration. The Administration, however, awarded plaintiff only half of the proceeds and awarded the other half to plaintiff's divorced husband, the father of the deceased. This determination was affirmed by the Veterans Administration Board of Appeals.

Plaintiff then brought an action in this Court to recover the full amount of the policy. The Government moved to dismiss the complaint.

The Court granted the motion on January 10, 1956, on the ground that the Court lacked jurisdiction because awards of the Veterans Administration under the provisions of the Servicemen's Indemnity Act of 1951 are not subject to judicial review. In granting the motion to dismiss, the Court relied on decisions in the First, Fifth and Sixth Circuits. There was no authority on the point at that time in this Circuit. Plaintiff did not appeal from the dismissal of the complaint.

Thereafter, in a similar case, the Court of Appeals for this Circuit held that such awards were subject to judicial review. Wilkinson v. United States, 2 Cir., 1957, 242 F.2d 735, certiorari denied 78 S.Ct. 52.

Plaintiff now moves to vacate the decision of January 10, 1956, pursuant to Fed.Rules Civ.Proc., rule 60(b) (5) and (6), 28 U.S.C.A. In her moving affidavit, plaintiff states that she failed to appeal the January 10, 1956, decision because she "was in no position to pay the expenses of such appeal." Plaintiff's attorney has submitted an affidavit to the same effect.

F.R.C.P., rule 60(b) (5) and (6), under which plaintiff seeks relief, provides that "the court may relieve a party * * * from a final judgment, [or] order" if "a prior judgment upon which it is based has been reversed or otherwise vacated" [clause "5"] for "any other reason justifying relief from the operation of the judgment" [clause "6"].

Clause (5) does not apply to the instant case because the January 10, 1956, decision was not *based* on any judgment that was subsequently reversed. Berryhill v. United States, 6 Cir., 1952, 199 F.2d 217.

In Berryhill, the District Court had held that a foster sister was not a person who could be a beneficiary under the National Service Life Insurance Act, 38 U.S.C.A. § 801 et seq. Subsequently, the Supreme Court reversed a case in another Circuit, not relied on by the said District Court, and held that a foster brother could be a beneficiary under that Act. Thereafter, the plaintiff in the same District Court moved to set aside the judgment pursuant to, *inter alia*, Rule 60(b) (5). The District Court denied the motion and was affirmed by the Court of Appeals. The Court of Appeals reasoned that the District Court judgment had not been *based* on a prior judgment that had been vacated, and that it was not the purpose of Rule 60(b) (5) to permit a final judgment to be set aside whenever a case involving similar facts and holding the same way is thereafter reversed.

The same view is expressed in 7 Moore, Federal Practice, para. 60.26 [3], p. 282:

"* * * it [60(b) (5)] does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding."

Plaintiff, relying on clause (6) of F.R.C.P., rule 60(b), argues that, since the Court's decision herein was not

an adjudication on the merits, her present motion should be granted because "to do otherwise would require the plaintiff to institute another action and would cause loss of time, hardship and unnecessary effort on the part of the litigants" (Plaintiff's brief, p. 5). As noted, plaintiff's affidavits assert that plaintiff's failure to appeal was caused by her financial inability.

The mere allegation of lack of financial means, by itself, does not justify the opening of a judgment under Rule 60(b)(6), where the party had failed to appeal the prior adjudication. In Ackermann v. United States, 1950, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207, a deportation case, the moving parties who were attempting to set aside a judgment —which, due to a subsequent decision of an appellate court, would have been reversed had it been appealed—based their motion on the grounds that they had not been able to afford to appeal and that they had been assured by a Government official that they would not be deported after the war. The Supreme Court noted the practice of the Court of Appeals to allow poor persons, who were not paupers, to appeal "at a very small cost" (340 U.S. at page 199, 71 S.Ct. at page 212). The Supreme Court found the circumstances were not so "extraordinary" (340 U.S. at pages 200, 202, 71 S.Ct. at pages 212, 213) as to bring the case within Rule 60(b)(6).

Prior to Ackermann, the Supreme Court in Klapprott v. United States, 1949, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, modified 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099, allowed a motion under Rule 60(b)(6), to set aside a default judgment where the indigent petitioner was sick and unable to work, was being prosecuted almost simultaneously on other criminal charges, and was being held in Federal custody before the expiration of the time for him to answer the denaturalization proceedings. The petitioner also made efforts to appear or to have some one appear for him in the denaturalization case. See, also, United States v. Karahalias, 2 Cir., 1953, 205 F.2d 331.

The principle expounded in these cases is that only where the total record portrays extraordinary circumstances— of which the litigant's lack of financial means is only one factual element—may a party who failed to appear or appeal resort to the extreme remedy afforded by Rule 60(b)(6). See 7 Moore, Federal Practice, para. 60.27[2].

In the interstices of such procedural provisions as Rule 60(b) is expressed the law's transcendant concern with the doing of practical justice. We have been warned not to harden the arteries of such "liberalizing rules like 60(b)" by resorting "to ancient common-law concepts." Mr. Justice Black, dissenting, in the Ackermann case, supra, 340 U.S. at page 205, 71 S.Ct. at page 215.

But this rule was not designed to supersede the normal and ordinary channels of relief. Nor was it intended to invest the court with an omnipotence whose boundary is defined only by the court's conscience.

Considerations of judicial administration and of the stability of the law no less than the obligation of doing individual equity must be balanced and adjusted. An explicit choice of values is represented by the landmark decision in the Ackermann case, supra.

Moved by the foregoing considerations, the courts have enunciated the dual proposition that Rule 60(b)(6) is not a substitute for appeal and that resort to the rule in order to obtain relief from a judgment is not justified merely because the judgment is erroneous or because the decisional law has been changed by a subsequent ruling. Ackermann v. United States, 1950, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207; Elgin Nat. Watch Co. v. Barrett, 5 Cir., 1954, 213 F.2d 776; Berryhill v. United States, 6 Cir., 1952, 199 F.2d 217; Phelan v. Bradbury Bldg. Corporation, D.C.S.D.

N.Y.1947, 7 F.R.D. 429; 7 Moore, Federal Practice, para. 60.27[1].

Contrary to the Government's contention, the foregoing cases do not hold that the moving party was barred by *res judicata,* but only that the ground that there has been a change in the law was not a sufficient reason under Rule 60(b) (6) to set aside the prior judgment.

The other argument advanced by plaintiff to set aside the judgment is that it would save her the time, costs and difficulty of beginning another action. On the other hand, defendant's position is that, if this motion were a mere alternative to the institution of a new suit, "the defendant would not oppose the motion, for the plaintiff should not unreasonably be compelled to incur the legal fees and filing fees entailed in instituting a new action for the same cause" (Defendant's brief, p. 9).

The fundamental issue is whether the January 10, 1956 decision herein is *res judicata* between these parties as to the jurisdiction of the court over the action and, secondly, if it is *res judicata,* whether it is inequitable to allow the judgment to stand.

█ F.R.C.P., rule 41(b), specifically provides that "a dismissal for lack of jurisdiction" does *not* operate "as an adjudication upon the merits." Consequently, the dismissal herein, based on jurisdictional grounds, is not *res judicata* with respect to the underlying cause of action. Smith v. Ford Gum & Machine Co. Inc., 5 Cir., 1954, 212 F.2d 581; Williams v. Minnesota Mining & Manufacturing Co., D.C.S.D.Calif.1953, 14 F.R.D. 1.

█ However, defendant persuasively argues that plaintiff may not re-litigate the same issue, i. e., jurisdiction of this Court. The leading case of Ripperger v. A. C. Allyn & Co., 2 Cir., 1940, 113 F.2d 332, clearly enunciates the rule of *res judicata* as applied to a decision on the question of jurisdiction. In Ripperger, the District Court for the Southern

District of New York granted a motion to dismiss "for lack of jurisdiction on the ground of improper venue" (113 F.2d at page 332). Plaintiff did not appeal from the orders of dismissal (113 F.2d at page 333). Prior to the time of the suit, each defendant had designated an agent in New York for the service of process. After the District Court's decision, the United States Supreme Court determined, in another case, that such designation will estop a foreign corporation from contesting jurisdiction on the ground of improper venue. Thereafter, plaintiff instituted a new suit in the District Court for the Southern District of New York. The new complaint was dismissed on the ground "that the orders of dismissal in the former suit are *res judicata* on the question of the district court's lack of jurisdiction for want of venue in the present [new] suit" (113 F.2d at page 333). The Court of Appeals affirmed. Circuit Judge Swan, writing for a unanimous court, declared (113 F.2d at page 333) that a court has "power to determine whether or not it has jurisdiction of the subject matter of a suit and of the parties thereto" and that the principles of *res judicata* apply to questions of jurisdiction as well as to other issues.

In the case at bar, as in Ripperger, the controlling facts in the dismissed complaint are the same as those that would be alleged in a new complaint. "No appeal having been taken, the former decision stands as a conclusive determination of that issue [jurisdiction] between the parties" 113 F.2d at page 334.

In an effort to escape from the Ripperger doctrine, plaintiff argues that Ripperger is no longer applicable because that case was decided prior to the amendment of F.R.C.P. rules 41(b) and 60(b) (5) and (6). Undoubtedly, the issue of the effect of Rule 60(b) (6) was not passed upon in Ripperger. However, the clause in Rule 41(b) upon which plaintiff relies was in the rule when Ripperger was decided. 5 Moore, Federal Practice,

para. 41.01[5]. Ripperger is controlling to the extent that it holds that a decision on the issue of jurisdiction or venue is *res judicata* with respect to those issues.

Leung Gim v. Brownell, 9 Cir., 1956, 238 F.2d 77 and Hicks v. Holland, 6 Cir., 1956, 235 F.2d 183, squarely hold that a dismissal for lack of jurisdiction is *res judicata,* foreclosing re-litigation of the issue of jurisdiction by the same parties under the same facts.

Inasmuch as *res judicata* applies to the issue of jurisdiction, plaintiff herein cannot have the former judgment set aside as a convenient and less expensive alternative to the bringing of a new action.

Because of the impact of *res judicata,* the Court is now faced with a challenging problem in which broad considerations of judicial policy conflict with the equities of individual justice. As already noted, a dismissal on jurisdictional grounds is *res judicata* on that issue between the parties. Yet such dismissal is not an adjudication upon the merits of the cause of action. Rule 41(b, d). Where a complaint is dismissed for lack of jurisdiction or improper venue, a plaintiff may bring a new suit in a tribunal that does have jurisdiction, or may even sue in the same tribunal provided he complies with the jurisdictional or venue requirements he originally failed to meet. Thus, in Ripperger, the plaintiff could have brought suit in another but appropriate jurisdiction. In the other cases that we have cited on the *res judicata* point, the facts do not indicate whether another forum or tribunal was available. But when *res judicata* is applied to the facts of the case at bar, it operates to preclude a second suit because plaintiff cannot re-litigate the issue of jurisdiction, and the jurisdictional issue herein related to the lack of jurisdiction of a Federal court over the subject matter of the action.

■ A situation with a measure of obvious human appeal is thus presented.

Plaintiff, a surviving mother of a deceased serviceman, has not had her day in court on the substantive merits of her claim for the insurance of her deceased son. She is being barred by a procedural rule—although such rules are recognized as "a means to an end, not an end in itself—the 'handmaid rather than mistress' of justice." Clark, Code Pleading 54 (2d Ed.1947). Had plaintiff brought her action in April 1957, after the Wilkinson decision, she would have been entitled to a judicial determination on the merits. As it is, the fortuitous circumstance that her action had been commenced in August 1955 bars her from obtaining such judicial review.

■ To set aside its former decision would require this Court to disregard the doctrine of *res judicata.* That doctrine is deeply embedded in Anglo-American law. It promotes not only private but also public interest. *Interest rei publicae ut sit finis litium.* In re Long Island Lighting Company, 2 Cir., 1957, 244 F.2d 499, 501.

■ But the courts are not powerless; for where the demands of fairness and decency in the individual case are extraordinary and so compelling that it would be grossly inequitable to adhere to the strict doctrine of *res judicata,* the interest of finality of litigation will be subordinated to that of plain justice. Such is not the present case.

■ Plaintiff did present the merits of her case to the Veterans Administration and to its Appeal Board. Even more important is the bald but solid fact that plaintiff had the opportunity to have the Court of Appeals pass on the jurisdictional point simply by taking an appeal.

While plaintiff states, in her affidavit, that she was financially unable to appeal, no facts or other evidentiary circumstances of such financial inability are set forth in the motion papers. It is not without significance that plaintiff ostensibly did have sufficient funds and legal representation at all times to

take the case through the entire appellate process of the Veterans Administration, and then to bring the case twice before this Court. Furthermore, ways and means are available to litigants without funds to take an appeal to the Court of Appeals.

Finally, even if it be assumed that plaintiff did not have the financial means to prosecute an appeal, that economic fact would not measure up to the requirement of "extraordinary" circumstances, laid down in the Ackermann case as a prerequisite to relief under Rule 60(b) (6).

In view of the controlling judicial decisions and the relevant principles of public policy, the Court denies plaintiff's motion to vacate the decision of the Court herein dated January 10, 1956.

Settle order on notice.