ROSSER et al., Appellants,

v.

TERMINIX INTERNATIONAL COMPANY, L.P., Appellee.

[Cite as *Rosser v. Terminix Internatl. Co., L.P.* (2001), 143 Ohio App.3d 157.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–000292, C–000578.

Decided May 4, 2001.

158

*John J. Helbling,* for appellants.

*Montgomery, Rennie & Jonson, Kelly Carbetta Scandy* and *Matthew E. Stubbs,* for appellee.

PAINTER, Judge.

Plaintiffs-appellants Tom and Sharon Rosser signed a termite-protection contract with the defendant-appellee, Terminix International Company. The Rossers became dissatisfied with the services provided by Terminix and sued for breach of contract. But the contract that the Rossers had signed contained a mandatory arbitration clause that obligated the parties to submit any dispute arising from their contract to binding arbitration. For this reason, the trial court ordered the parties to arbitration and granted Terminix's motion to stay the Rossers' suit. The Rossers appealed, and we affirmed that the dispute belonged in arbitration, noting that the policy of the law is to favor and encourage arbitration.[1] The Ohio Supreme Court declined to hear the Rossers' appeal of our holding.[2]

Some three months after the Rossers had exhausted their final appeal to the Ohio Supreme Court on the question of mandatory arbitration, the parties had still not begun the arbitration process. By this time, it had been over one and a half years since the trial court's original order to stay the suit pending arbitration. Rather than maintaining the inert case on its active docket, the trial court, without objection from either party, ordered the case dismissed.

According to the trial court's "conditional" order of dismissal, the case was dismissed "other than on the merits and without prejudice." This choice of words would have typically left the Rossers free to refile their suit in the future. But, in an apparent, if not entirely clear, attempt to limit a resurrection of the case to an appeal of what would have occurred in the arbitration process, the trial court also provided that "[p]ursuant to the provisions of Ohio Revised Code Chapter 2711 [Arbitration], this case may be reactivated for good cause shown."

Approximately one year after their suit was dismissed, the Rossers still had not participated in arbitration. According to the trial court, the Rossers had failed to pay their portion of the arbitration costs, and the process had been suspended. Instead, the Rossers refiled a virtually identical lawsuit in the same court, the intent of which was to re-argue the enforceability of the mandatory arbitration clause. The trial court found this course of action to be an ill-conceived and wasteful attempt to relitigate an issue firmly settled in the first case. Moreover, the trial court took exception to what it perceived as a blatant disregard for its "conditional" order of dismissal.

The trial court entered summary judgment for Terminix and also awarded sanctions against the Rossers to compensate Terminix for the litigation resources

---

1. *Rosser v. Terminix Internatl. Corp.* (Dec. 26, 1997), Hamilton App. No. C–961067, unreported, 1997 WL 789399.

2. *Rosser v. Terminix Internatl. Corp.* (1998), 81 Ohio St.3d 1516, 692 N.E.2d 620.

it had expended in defending a settled issue. The Rossers now appeal both the trial court's entry of summary judgment and its award of sanctions.

Because the underlying merits of the Rossers' claims against Terminix have never been reached, we reverse the entry of summary judgment. But because the place for the merits of the Rossers' case to be heard is in arbitration, we direct the trial court to issue another stay pending arbitration. This returns the parties to the same position they had occupied after the Ohio Supreme Court declined to hear the Rossers' appeal. Finally, because the Rossers have frivolously attempted to circumvent the arbitration process without a good-faith argument that would alter established law and the persuasive authority of their own appealed case, we affirm the trial court's imposition of sanctions.

■ We review the trial court's grant of summary judgment in favor of Terminix *de novo*, using the same standard that the trial court applied.[3] Under Civ.R. 56(C), summary judgment would have been appropriate if Terminix had demonstrated that (1) there was no genuine issue of material fact, (2) Terminix was entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the Rossers, reasonable minds could only reach a conclusion adverse to them.[4]

■ The initial issue that must be decided in this case is how to characterize the trial court's conditional order of dismissal. The Rossers contend that the first case was dismissed under Civ.R. 41(A)(1). This rule allows any civil plaintiff to dismiss a case at any time before trial simply by filing a notice of dismissal, unless the defendant has initiated a counterclaim that cannot be independently maintained. Unless otherwise agreed, this type of dismissal is without prejudice the first time the plaintiff chooses to dismiss the case. It is well-settled law in Ohio that "a dismissal without prejudice leaves the parties as if no action had been brought at all."[5] And, generally, as a result, rulings and orders preceding the voluntary dismissal are essentially eradicated and therefore have no *res judicata* effect.[6]

---

3. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243, 1245.

4. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, 204, citing *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.

5. *De Ville Photography, Inc. v. Bowers* (1959), 169 Ohio St. 267, 272, 8 O.O.2d 281, 283–284, 159 N.E.2d 443, 446, quoted with approval in *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 596, 716 N.E.2d 184, 186.

6. *De Ville Photography, Inc., supra*, at 272, 159 N.E.2d at 447, citing Annotation (1950), 11 A.L.R.2d 1407, 1411, 1950 WL 6932; *Steubenville v. Jefferson Cty.* (July 28, 1999), Jefferson

Terminix, by contrast, characterizes the trial court's conditional order of dismissal as a dismissal by order of the court under Civ.R. 41(A)(2), subject to "such terms and conditions as the court deems proper." Terminix believes, as apparently did the trial court, that the language of the dismissal clearly prohibited the Rossers from re-filing their suit for any reason other than to appeal any decision reached in the arbitration process itself. We disagree.

While the trial court may have had the authority to issue such an order, the language of the dismissal was not sufficiently clear in this respect. The court's order stated that the dismissal was other than on the merits and without prejudice. The further limiting language purporting to provide the Rossers with a limited opportunity to "reactivate" their case was anything but clear. There is no common-law theory or statutory provision under which a case may be "deactivated" and "reactivated" in the manner suggested. Construing the wording of the dismissal in a light most favorable to the Rossers, as we are required to do, we hold that the Rossers' case was dismissed without prejudice and other than on the merits, whether under Civ.R. 41(A)(1) or under Civ.R. 41(A)(2).

Having determined that the Rossers' initial suit was dismissed without prejudice and other than on the merits, we must next determine the appropriate disposition of the Rossers' second suit. As the trial court has pointed out, the issue of mandatory arbitration was fully and fairly litigated in the initial suit. It seems a waste of Terminix's resources and judicial time to needlessly relitigate the issue. Yet that is precisely the general effect of a dismissal other than on the merits and without prejudice. We are required to engage in the fiction that, as between the parties, the first suit had never been brought at all, and that therefore the trial court's original order to stay the suit and compel arbitration is not binding on the parties.

Terminix agrees with the trial court's reasoning that the general rule regarding the cleansing effect of a dismissal without prejudice is inapplicable to the present case because the Rossers in fact received a final judgment on the merits of their case. It believes that a trial court's order to stay proceedings and compel arbitration is a final judgment on the merits and is therefore *res judicata* on the merits of the case, or that the order collaterally estops the Rossers from initiating another suit. But Terminix cites no cases that have contemplated such an exception to the general rule under these circumstances. Nor can we independently find any instructive Ohio cases. We therefore turn to the federal courts and their construction of the analogous Fed.R.Civ.P. 41(a)(1).

App. Nos. 98 JE 8 and 98 JE 18, unreported, 1999 WL 599293; *West v. Silverton* (Aug. 1, 1997), Hamilton App. No. C–960146, unreported, 1997 WL 605095; *Hall v. Gibson Greetings, Inc.* (S.D.Ohio 1997), 971 F.Supp. 1162, 1165.

In a remarkably similar case, the Seventh Circuit Court of Appeals has decided precisely the issue presented by Terminix. The court reasoned that a motion to stay proceedings and to compel arbitration is similar to a challenge to jurisdiction or venue, and focuses the trial court on whether the case should be arbitrated, rather than on the merits of the lawsuit itself.[7] It accordingly held that the trial court, by ordering the parties to arbitration and staying the individual proceedings, had not converted the merits of the controversy raised in the complaint to the sole issue of arbitration.[8] So, the plaintiff, after losing a crucial battle over its ability to sue in court, was free to dismiss its lawsuit, to negate the trial court's order of arbitration, and to attempt to find a more receptive forum.

We agree with the reasoning of the Seventh Circuit. We hold in this case that the trial court never reached the merits of the Rossers' suit, and that they were therefore not barred by *res judicata* or collateral estoppel from initiating a second suit. The trial court's entry of summary judgment for Terminix is reversed.

What makes the circumstances of this case unique, however, is that the Rossers somewhat inexplicably filed their second suit in the same forum and attempted to litigate the issue of arbitration all over again. This they could not do, for two reasons.

First, we also agree with the Seventh Circuit's analogy that an order to stay proceedings and to compel arbitration is in the nature of a dismissal for want of jurisdiction or venue. The prevailing federal view of the effect of such a dismissal is that while the plaintiff may file another suit based on the original cause of action, the plaintiff may not relitigate the same jurisdictional issue.[9] In other words, *res judicata* applies not to the underlying merits of the case as a whole, but instead to what was actually decided. To complete the analogy, then, the Rossers' case belongs, as was previously determined, in arbitration, and without further litigation on that question.

Second, even were we to assume that the trial court's order sending the initial suit to arbitration lacked binding effect on the parties, we affirmed the court's order on appeal. Thus, even though the parties might not be bound by the law of

---

**7.** *Merit Ins. Co. v. Leatherby Ins. Co.* (C.A.7, 1978), 581 F.2d 137, 143. See, also, *Hamilton v. Shearson–Lehman Am. Express, Inc.* (C.A.9, 1987), 813 F.2d 1532, 1535.

**8.** *Id.* at 142.

**9.** See *Ripperger v. A.C. Allyn & Co., Inc.* (C.A.2, 1940), 113 F.2d 332, 333; *Stewart Securities Corp. v. Guar. Trust Co.* (C.A.10, 1979), 597 F.2d 240, 241–242; *Loucke v. United States* (S.D.N.Y.1957), 21 F.R.D. 305, 309. See also 49 A.L.R.2d 1036, 1956 WL 11697 (1956), Res Judicata Effect of Judgment Dismissing Action, or Otherwise Denying Relief, for lack of Jurisdiction or Venue, Volume 49, Section 5(b).

the case because of the subsequent dismissal, the trial court must consider our prior decision as persuasive authority.[10]  Any case presenting the same fact pattern as the Rossers' initial suit against Terminix would be consequently sent to arbitration.  The Rossers' second suit is materially no different than their first, and therefore it should be sent to arbitration.

We reverse the trial court's entry of summary judgment against the Rossers, because the underlying merits of their case have yet to be heard.  The Rossers deserve an opportunity to be heard on the issues in arbitration, despite the awkward and repetitive commencement of the second suit.  We therefore remand this case to the trial court and direct that the court enter a stay order pending arbitration.

Finally, the Rossers also challenge the trial court's award of sanctions to compensate Terminix for the expense of relitigating a settled issue.  The Rossers contest only the basis for the sanctions and do not appear to object to the amount awarded.  "[W]e will not reverse a trial court's decision to impose sanctions under R.C. 2323.51 absent an abuse of discretion."[11]  An abuse of discretion implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.[12]  A decision is unreasonable if it is unsupported by a sound reasoning process.[13]

According to R.C. 2323.51(B)(1), a trial court may award reasonable attorney fees and other reasonable expenses to a party who has adversely been affected by the "frivolous conduct" of the opposing party.  Frivolous conduct includes conduct that "is not warranted under existing law [or] cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."[14]  In this case, the trial court did not abuse its discretion in finding that the conduct of the Rossers' attorney was frivolous according to the statutory definition.

As we have previously explained, the Rossers made a good-faith argument that the trial court's enforcement of the arbitration clause may have been eradicated since the initial case was dismissed without prejudice and other than on the

10.  See S.Ct.R.Rep.Op. 2(G)(1).

11.  *Riley v. Langer* (1994), 95 Ohio App.3d 151, 159, 642 N.E.2d 1, 6, citing *Turowski v. Johnson* (1991), 70 Ohio App.3d 118, 590 N.E.2d 434, and *Shaffer v. Mease* (1991), 66 Ohio App.3d 400, 584 N.E.2d 77.

12.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142.

13.  *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601; *State v. Echols* (1998), 128 Ohio App.3d 677, 700, 716 N.E.2d 728, 744.

14.  R.C. 2323.51(A)(2)(a)(ii).

merits. But, because the Rossers appealed that order and we affirmed, our decision became persuasive authority in the First Appellate District, even if it was not the law of the case between the parties. To raise the identical issue in this district again, without a good-faith argument for the reversal of the law, meets the definition of frivolous conduct under the Revised Code.

The Rossers point to a recently decided Ohio Supreme Court case to bolster their contention that the law regarding the validity of arbitration clauses in consumer contracts has changed since our initial decision.[15] But we have reviewed the case and disagree with their view of its effect here. We affirm the trial court's grant of sanctions.

*Judgment affirmed in part,*
*reversed in part*
*and case remanded.*

DOAN, P.J., and WINKLER, J., concur.

---

15. See *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 700 N.E.2d 859.