JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-Appellant Joan Mader appeals pro se from the judgment of the Hamilton County Municipal Court granting defendants-Appellees' National Legal Professional Associates ("NLPA"), H. Wesley Robinson, Barry N. Weinberger, and Robert Ratliff's motion to compel arbitration.
In January 2003, Mader filed a complaint against NLPA, Robinson, Weinberger, and Ratliff, alleging that they had breached a contract for legal consulting services. The contract contained a provision that stated that any and all disputes arising out of the contract would be resolved by binding arbitration before the Better Business Bureau. One month later, defendants-appellees filed, among other things, a motion to compel arbitration as well as a motion to dismiss Mader's complaint. The trial court granted defendants-appellees' motion to dismiss Mader's complaint, concluding that it lacked subject-matter jurisdiction over the contract because a valid arbitration provision existed.
In June 2003, Mader appealed. She argued that the trial court had improperly dismissed her complaint for lack of subject-matter jurisdiction. We held that while the trial court had correctly concluded that the parties' contract contained a valid arbitration clause, it had erroneously dismissed the case for lack of subject-matter jurisdiction. We, therefore, reversed the trial court's order of dismissal and remanded the case for further proceedings.[1]
Following our remand, the trial court journalized an entry staying the case and referring the case to arbitration in accordance with the terms of the parties' contract. Mader now appeals from that order.
In her sole assignment of error, Mader contends the trial court erred in referring the case to arbitration. The problem with Mader's argument is that she is attempting to relitigate the issue of arbitration. InRosser v. Terminix International Co.,[2] this court held that once a party has litigated the arbitrability of a contract, it can not relitigate that same issue a second time. Because we determined in our prior appeal that the trial court had not erred in referring the case to arbitration, Mader cannot now relitigate this issue. We also note that in staying the case and referring it to arbitration, the trial court was in fact following the express directions of this court's remand order. Because the trial court properly referred the case to arbitration, we overrule Mader's sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] (Feb.11, 2004), 1st Dist No. C-030503.
[2] (2001), 143 Ohio App.3d 157, 757 N.E.2d 820, overruled on other grounds by Riston v. Butler, 149 Ohio App.3d 390, 2002-Ohio-2308,777 N.E.2d 857, at ¶ 27.