Sam TITLE, aka Sam Teitelman, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16074.

United States Court of Appeals Ninth Circuit.

Jan. 6, 1959.

3. Senate Report No. 1503, U.S.Code Cong. Serv. at page 1387.

Seymour Mandel, Daniel G. Marshall, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., James R. Dooley, Richard A. Lavine, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

On October 24, 1941, Sam Title received his naturalization certificate as a United States citizen.

On October 21, 1954, the United States filed a complaint in the court below seeking to revoke and set aside the order admitting appellant to citizenship, and to cancel his certificate of naturalization.[1] No affidavit showing good cause was filed with the complaint nor was one thereafter made a part of the record. Appellant attacked the court's jurisdiction because of the absence of the affidavit in a motion to dismiss the complaint, and in his answer. The district court ruled against appellant on this jurisdictional issue, and on July 12, 1955, entered judgment against appellant, revoking the order admitting him to citizenship and cancelling his certificate of naturalization.[2]

On September 8, 1955, appellant filed a Notice of Appeal from the denaturalization judgment. On February 27, 1956, this Court issued its mandate ordering the appeal dismissed "for failure of appellant to prosecute the appeal." This Court's mandate was filed and spread upon the records of the district court on February 29, 1956.

The Supreme Court, on April 30, 1956, decided United States v. Zucca, 351 U.S. 91, 76 S.Ct. 671, 100 L.Ed. 964, and on April 7, 1958, the Supreme Court decided the Matles, Lucchese, and Costello cases [3] holding that the affidavit "must be filed with the complaint when the proceedings are instituted." 356 U.S. at page 257, 78 S.Ct. at page 714.

On May 22, 1958, appellant moved the court below to set aside and vacate the denaturalization judgment entered on July 12, 1955, on the ground that the judgment was void in that the required affidavit showing good cause was never filed and that it was no longer equitable that the judgment should have prospec-

---

1. Based on § 340 of the Immigration and Naturalization Act of 1952, 66 Stat. 260, 8 U.S.C.A. § 1451.

2. United States v. Title, D.C.S.D.Cal.1955, 132 F.Supp. 185.

3. Matles v. United States, No. 378; Lucchese v. United States, No. 450; and Costello v. United States, No. 404, all reported at 356 U.S. 256, 78 S.Ct. 712, 713, 714, 2 L.Ed.2d 741.

tive application. On May 26, 1958, appellant also moved the district court to dismiss appellee's complaint on the ground that the court had no jurisdiction over the subject matter. On June 19, 1958, the court below entered an order denying appellant's motions. The instant appeal is taken from that order, and is timely.

█ There can be no question but that the filing of such an affidavit is a prerequisite to maintenance of the suit. That is the only question passed upon in the Zucca case. But the Zucca case describes it as "a *procedural* prerequisite." 351 U.S. at page 95, 76 S.Ct. at page 674. And in quoting from Bindczyck v. Finucane, 1951, 342 U.S. 76, 72 S.Ct. 130, 96 L.Ed. 100, the Zucca decision first refers to § 340(a) of the Immigration and Naturalization Act of 1952 as a statute setting up "a clearly defined *procedure*," and, secondly as a statute setting up "a detailed, safeguarded *procedure* for attacking the decree." 351 U.S. at page 99, 76 S.Ct. at page 676. And in summary, the Chief Justice refers to the affidavit as "a *procedural* prerequisite to the maintenance of proceedings."

Nothing in the per curiam opinion of the Supreme Court in Matles v. United States, supra,[4] adds clarification to what was said in Zucca. Appellant seeks to render the judgment void by interpreting the word "prerequisite" as though standing alone, and totally disregards the modifying adjective "procedural." We must assume that there was a purpose in the Chief Justice's reference to a "procedural" prerequisite rather than a "jurisdictional" prerequisite.

█ But there is a further and stronger reason why the order denying plaintiff's motion must be affirmed. As the government urges:

"Even if the affidavit requirement be regarded as jurisdictional in the sense that suit could not be maintained without it, the ruling of the District Court that it had juris-

diction is not of the sort to render its judgment void, and thus subject to attack under Rule 60(b)(4), Federal Rules of Civil Procedure.* Aside from such fundamental jurisdictional elements such as service of process, a Court's determination that it has jurisdiction is *res judicata* and subject to review only on appeal.

"United States v. Williams, 1951, 341 U.S. 58 [71 S.Ct. 595, 95 L.Ed. 747]; Chicot County Drainage District v. Baxter State Bank, 1940, 308 U.S. 371 [60 S.Ct. 317, 84 L. Ed. 329]; Stoll v. Gottlieb, 1938, 305 U.S. 165 [59 S.Ct. 134, 83 L.Ed. 104]; American Surety Co. v. Baldwin, 1932, 287 U.S. 156 [53 S.Ct. 98, 77 L.Ed. 231]; Baldwin v. Iowa State Traveling Men's Ass'n, 1931, 283 U.S. 522 [51 S.Ct. 517, 75 L.Ed. 1244]; Elgin Nat. Watch Co. v. Barrett, 5 Cir., 1954, 213 F.2d 776, 779; Foltz v. St. Louis & S. F. Ry. Co., 8 Cir., 1894, 60 F. 316; 7 Moore's Federal Practice, Sec. 60.25, pp. 264–271. * * * ”

" *In 7 Moore's Federal Practice, Section 60.25, the author concludes (p. 272): " 'Clause (4) does not, however, have wide applicability, because *under principles that are applicable in determining whether a judgment is valid or whether it is void, most federal district court judgments, even though they be erroneous, are not void.*' (Emphasis added.)"

Our holding in United States v. Diamond, 9 Cir., 1957, 255 F.2d 749, in no way conflicts with our holding here. Were Title's *appeal* presently before us, we would reverse the judgment of denaturalization rendered against him by the district court. But that appeal he has voluntarily failed to prosecute. He is in the same status as any other individual who fails to protect fully his valid legal rights, by neglecting to perfect his appeal.

4. Considered with Lucchese v. United States and Costello v. United States, supra.

We have recently had a similar question before us in a matter where on appeal we reversed a district court under the mistaken apprehension we had jurisdiction to hear the appeal. Yanow v. Weyerhaeuser S.S. Co., 9 Cir., 1958, 250 F.2d 74. The Supreme Court thereafter denied certiorari to appellee. 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 812. It then moved to recall the mandate and dismiss the appeal upon the ground that our reversal was void for lack of jurisdiction. We declined to do so upon the theory of res judicata. Yanow v. Weyerhaeuser S.S. Co., 9 Cir., — F.2d —.

 Appellant recognizes that there are reasons of public policy for assuring the finality of judgments, but suggests that under Rule 60(b)(5), Fed. R.Civ.P., 28 U.S.C.A., a special rule should be adopted in denaturalization cases relaxing the strictness of the ordinary rule. In support of this, appellant refers to the language of the dissenting Justices in Ackermann v. United States, 1950, 340 U.S. 193, 202, 71 S.Ct. 209, 95 L.Ed. 207. We are, of course, bound by the majority opinion in Ackermann, just as we are in Zucca. Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal. Ackermann v. United States, supra; Morse-Starrett Products Co. v. Steccone, 9 Cir., 1953, 205 F.2d 244, 248–249; Berryhill v. United States, 6 Cir., 1952, 199 F.2d 217; Loucke v. United States, D.C.S.D.N.Y. 1957, 21 F.R.D. 305. Nor is a change in the judicial view of applicable law after a final judgment sufficient basis for vacating such judgment entered before announcement of the change. Collins v. City of Wichita, Kansas, 10 Cir., 1958, 254 F.2d 837; Berryhill v. United States, supra; Loucke v. United States, supra.

 Finally, a motion to vacate under Rule 60(b), Fed.R.Civ.P., is addressed to the sound legal discretion of the district court, and will not be disturbed on appeal except for abuse of discretion. Atchison, Topeka and Santa Fe Ry. Co. v. Barrett, 9 Cir., 1957, 246 F.2d 846,

849; Parker v. Checker Taxi Co., 7 Cir., 1956, 238 F.2d 241, 243–244, certiorari denied sub nom., Field Enterprises, Inc. v. Parker, 1957, 353 U.S. 922, 77 S.Ct. 681, 1 L.Ed.2d 719; Stafford v. Russel, 9 Cir., 1955, 220 F.2d 853; Jones v. Jones, 7 Cir., 1954, 217 F.2d 239; Perrin v. Aluminum Co. of America, 9 Cir., 1952, 197 F.2d 254, 255; Independence Lead Mines Co. v. Kingsbury, 9 Cir., 1949, 175 F.2d 983, 988.

The final order dismissing each of appellant's motions is affirmed.