MATTER OF T—

In DEPORTATION Proceedings

A-2819751

*Decided by Board November 28, 1960*

Subversive organization—Evidence of membership—Doctrine of Collateral estoppel by judgment—Finding of membership in denaturalization proceeding held conclusive in subsequent deportation proceedings

(1) Under doctrine of collateral estoppel, finding by denaturalization court which was essential to its judgment that respondent was member of the Communist Party from 1937 to 1945 is conclusive in subsequent deportation proceedings.

(2) Where denaturalization judgment (1955) indicates court found respondent's membership met definition contained in *Galvan v. Press*, 347 U.S. 522 (1954), subsequent decision in *Rowoldt v. Perfetto*, 355 U.S. 115 (1957), does not require reexamination of finding re membership, since *Rowoldt* affirms conclusions reached in *Galvan*.

CHARGE:

Order: Act of 1952—Section 241(a)(6) [8 U.S.C. 1251(a)(6)]—After entry, member of Communist Party of United States.

## BEFORE THE BOARD

**DISCUSSION:** This case is before us on appeal from a decision of a special inquiry officer directing the respondent's deportation.

The respondent is a 53-year-old male, a native of Rumania, who last entered the United States on June 7, 1923, and was apparently admitted for permanent residence at that time. His present marital status is not shown by the record. He denies alienage and claims to be a citizen of the United States. The special inquiry officer found that the respondent was a member of the Communist Party of the United States from at least 1935 until at least 1942.

We have carefully reviewed the entire record and have considered the contentions of both sides at the oral argument. No briefs were submitted. The issues to be determined are whether it has been established (1) that the respondent is an alien, and (2) that he was a member of the Communist Party of the United States after his entry in 1923.

With respect to the first issue, the respondent was naturalized as a citizen of the United States on October 24, 1941, but the order

127

admitting him to citizenship was revoked pursuant to a judgment (part of exh. 2) entered on July 12, 1955. Exhibit 2 also contains a copy of the court's findings of fact and conclusions of law, of the opinion of the court, and of the Government's complaint in the denaturalization suit. A copy of the court's opinion will also be found in *United States* v. *Title*, 132 F. Supp. 185 (S.D. Cal., 1955). Exhibit 3, which is a copy of the opinion in *Title* v. *United States*, 263 F.2d 28 (C.A. 9, 1959), shows that the respondent filed a notice of appeal from the judgment of July 12, 1955; that on February 27, 1956, the Court of Appeals ordered the appeal dismissed for lack of prosecution; that in May 1958, this respondent filed two motions in the District Court to vacate the denaturalization judgment and dismiss the Government's complaint; that the District Court denied the motions; and that this action was affirmed by the Court of Appeals. A petition for certiorari was denied on May 18, 1959 (359 U.S. 989). A new motion by the respondent to vacate the denaturalization judgment and dismiss the complaint was denied by the United States District Court on July 27, 1960. Counsel stated that an appeal from that judgment is now pending before the Court of Appeals.

The Government's case consists of the respondent's concession that he was born in Rumania and last entered the United States about June 7, 1923, the papers previously mentioned relating to the denaturalization suit, and counsel's stipulation that the respondent has not been naturalized as a citizen of the United States subsequent to the denaturalization judgment of July 12, 1955. The Government relies on the doctrine of collateral estopped by judgment as establishing the respondent's membership in the Communist Party during the period stated above.

During the oral argument counsel contended that the respondent's second motion, which is now pending in the Court of Appeals, differs from his first motion and that the respondent's case is similar to *Polites* v. *United States*, 364 U.S. 426, recently argued before the Supreme Court. The Supreme Court's decision on November 21, 1960, was adverse to Polites. Counsel urges that our decision be deferred pending the decision of the Court of Appeals in the respondent's case. The Service representative contended that the second motion raises the same issues as the first motion and that the decision adverse to the respondent on his first motion is *res judicata* as to the second motion. We deem it unnecessary to determine whether both motions raise the same issues and whether the matter is *res judicata* because of the decision adverse to the respondent on his first motion, since, in any event, we do not consider it appropriate to defer action in his case upon the basis of some future contingency which may or may not arise. The important consideration

128

is that the judgment of July 12, 1955, revoked the order admitting the respondent to citizenship. Unless the judgment of July 12, 1955, should hereafter be set aside, its effect, under the doctrine of *res judicata*, is that the respondent was never a citizen of the United States and must be considered an alien at the present time.

The second question is whether the Government has established that the respondent was a member of the Communist Party during the period mentioned above. The court's sixth finding of fact in the denaturalization suit related to the respondent's membership in the Communist Party and the seventh to twelfth findings were, *inter alia*, that the respondent was an active member; that he was an organizer for the 44th Assembly District of the Party in 1939, which was a position of leadership; and that he participated as a delegate in the 1940 convention of the Communist Party. The sixth finding of fact was as follows:

The defendant [the respondent] was a member of the Communist Party of the United States in Los Angeles County, California, continuously from at least sometime during 1937 until at least sometime during 1942. The defendant actively participated as a member of the Communist Party during this period and distributed its literature. The defendant's membership in the Young Communist League and in the Communist Party of the United States was not fortuitous, but was a matter of deliberate choice.

In *Matter of C—*, 8—577, we discussed fully the doctrine of collateral estoppel by judgment and held that a finding of the court in a denaturalization suit that the defendant was a member of the Communist Party was conclusive on that factual issue in a subsequent deportation proceeding. The respondent's case is entirely analogous. We have carefully considered counsel's contention that the cases are distinguishable but we are not persuaded that there is any material difference. Actually, *Matter of C—*, *supra*, presented factors other than Communist Party membership which might conceivably have formed a basis for denaturalization and counsel there urged that the judgment in the denaturalization suit rested on alternative findings and that no estoppel is created in such cases. We rejected that contention for reasons stated in our decision. However, that particular contention is not even present in the respondent's case because the principal and only real issue was whether the respondent had been a member of the Communist Party. This is apparent from statements in the court's opinion in *United States v. Title*, *supra*, 132 F. Supp. at the pages indicated: "So the entire problem turns upon the question of the defendant's Communist membership and affiliation" (p. 188), and "So we are back to the fundamental problems involved, the character of the Communist Party, the defendant's membership in it, his knowledge

654377—63——10

of its character and the concealment of the fact of membership in the proceedings leading to naturalization" (p. 189).

Counsel asserts that the only question which the respondent was asked concerning Communist Party membership was question 28 on the preliminary naturalization form, and he contends that the Supreme Court held in *Nowak* v. *United States*, 356 U.S. 660 (1958), that question 28 was not sufficiently clear to warrant the firm conclusion that Nowak should have known that it called for disclosure of membership in the Communist Party. We have compared question 28, as quoted in the *Nowak* decision and as quoted in finding of fact numbered 16 in this respondent's case. Taking into consideration the parts omitted in the latter as indicated by asterisks, we are of the opinion that question 28 in the respondent's preliminary naturalization form contained the same language as question 28 in the *Nowak* case.

As the Service representative stated, this respondent was naturalized after the effective date of the Nationality Act of 1940, whereas Nowak had been naturalized prior thereto at a time when section 7 of the 1906 Act [8 U.S.C. 364] had merely prohibited the naturalization of anarchists and certain other classes. On the other hand, section 305 of the 1940 Act [8 U.S.C. 705] specifically prohibited the naturalization of a person who, during the preceding ten years, had been a member of an organization that advocated the overthrow of the Government of the United States by force or violence. However, a more important distinction between the two cases is that the *Nowak* decision was rendered on his appeal from the judgment in the denaturalization suit, whereas the judgment against this respondent has not been set aside. It would seem that it is now the law of the case as to this respondent that his answer to question 28 was willfully false and fraudulent notwithstanding the fact that a contrary conclusion was subsequently reached concerning Nowak's answer to question 28. In any event, under the doctrine of collateral estoppel, the respondent cannot render ineffective the finding of Communist Party membership, which was essential to that judgment, by merely averring that the judgment was erroneously entered. Until and unless the judgment should hereafter be set aside, we must accord it full validity and the finding of fact therein that the respondent was a member of the Communist Party from 1937 to 1942 is binding upon him.

With the exception of the question of alienage, which has been previously discussed herein, the only other point in controversy in this deportation proceeding is the same as the one we have concluded was the principal point controverted in the denaturalization suit, that is, the respondent's membership in the Communist Party. At the hearing and during the oral argument counsel referred to

the applicability of the decision in *Rowoldt* v. *Perfetto*, 355 U.S. 115 (1957). In *Matter of C—, supra*, we said that the word "member" in the deportation statute must be understood as it was judicially defined in *Galvan* v. *Press*, 347 U.S. 522 (1954), and in the *Rowoldt* case. *Rowoldt* was decided subsequent to the 1955 judgment in the respondent's case. However, in *Rowoldt* the court affirmed the conclusions it had previously reached in the *Galvan* case. Although the court's opinion in the respondent's case does not mention the *Galvan* case, we believe it is apparent that it took cognizance of the judicial definition which had been given to the word "member." In addition to the findings of fact six to twelve relating to the respondent's activities in the Communist Party, finding numbered 15 specifically stated that the defendant had full knowledge of the nature of the Communist Party of the United States and approved of and accepted the doctrine, policy, and program of the Communist Party. Accordingly, we conclude that the respondent was a member of the Communist Party as the word "member" has been judicially defined, and we need not discuss the contention of the Service that the *Rowoldt* case is inapplicable to deportation cases involving 8 U.S.C. 1251(a)(6).

Although the special inquiry officer informed counsel that any application for discretionary relief should be made at the hearing, no such application was made. For the reasons stated above, the appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.