Theodore R. KUPFERMAN, as Receiver of Vickers, Christy & Co., Inc., Plaintiff,

v.

CONSOLIDATED RESEARCH AND MANUFACTURING CORPORATION, Defendant.

No. 61 Civ. 3651.

United States District Court, S. D. New York.

Oct. 14, 1971.

I. Arnold Ross, New York City, for plaintiff.

Trubin, Sillcocks, Edelman & Knapp, New York City, for petitioner Daniel Jacobson; Robert S. Warshaw, David N. Goldsweig, New York City, of counsel.

LEVET, District Judge.

This is a motion to set aside a judgment of this court rendered on December 28, 1962 in favor of Theodore R. Kupferman, as Receiver of Vickers, Christy & Co., Inc. (hereinafter "Vickers Christy") against defendant, Consolidated Research and Manufacturing Corporation (hereinafter "Consolidated"), in the sum of $149,646.25 on account of Consolidated's breach of an underwriting agreement for failing to file a post-effective amendment to a registration statement as required under the agreement. No appeal was taken from this judgment.

Daniel Jacobson, formerly a director of Consolidated, who had resigned prior to the trial of the above-mentioned action, is the moving party. He contends that this judgment should be set aside under Rule 60(b) of the Federal Rules of Civil Procedure for the reason that there was a fraud upon the court in the trial of the action. The particular fraud alleged is that counsel for Consolidated did not know at the time of trial in this court that a certain general release had been executed and delivered by Vickers Christy to Consolidated on or about February 10, 1961 (see Ex. 2 of movant's papers) and that counsel for plaintiff Kupferman, as Receiver, I. Arnold Ross, knew about said general release and failed to call it to the attention of the court.

Counsel for Vickers Christy at that trial, the present attorney who is opposing this application, concedes that the release was executed and delivered at the time above mentioned and that he knew about the same at the time of the trial. However, it is his contention that counsel for Consolidated at the trial above mentioned had knowledge of the said release. One of the exhibits at the trial (see letter dated February 10, 1961 from Vickers Christy to Consolidated) reads as follows:

"This is to inform you that we have assigned to Mr. Daniel Leiberman our 12,500 shares of Consolidated Research & Manufacturing Corporation which we are entitled to purchase at $1.00 per share as per the prospectus, and we have released Consolidated Research & Mfg. Corp. from all obligations and liabilities."

This was Plaintiff's Exhibit 5 at the trial (see Ex. 8 attached to movant's papers). Purcell thus had ample opportunity to inquire, if desired, about this release and to seek to obtain a copy of the same.

Movant's counsel herein conceded that at least five or six months before the actual trial at an examination before trial of Mr. Cuomo as an officer of the defendant, Cuomo was asked to look at and examine this letter of February 10, 1961, wherein reference was made to this release, and that Cuomo acknowledged its authenticity; that Mr. Purcell then "accepted" it; that it was marked

Plaintiff's Exhibit 19 for identification on that day.

In connection with this letter above mentioned, Purcell, in an affidavit submitted in support of this motion, in effect concedes that he saw the exhibit above referred to, but states "that neither the Court nor myself ever realized that this general reference in the letter referred to an executed instrument specifically releasing Consolidated from the very claim upon which Mr. Ross was seeking * * *." Certainly the letter itself was enough to require at least an investigation by Purcell. Nothing that plaintiff's counsel did precluded presentation of the release by defendant at trial.

Counsel for Jacobson contends that the reference to a release in this letter above mentioned does not purport to refer to the claim of Vickers Christy. Under the circumstances as claimed by plaintiff's counsel in his opposition papers, it probably was not so intended. Actually, however, there was no exception mentioned in the letter.

In a letter dated August 8, 1961 (over a year before the trial, Ex. 21 at the trial) from Friedman & Friedman, signed by Arthur D. Friedman, counsel for Consolidated, Mr. Friedman advised a Mr. Botwick, then, I believe, president of Consolidated, as follows:

"I again strongly urge the corporation to make every effort to submit its financial statement and proceed immediately to file the post-effective amendment. Failure to do so forthwith will undoubtedly open the door to litigation with consequent damages should the corporation be found liable for the alleged losses."

(See Ex. 1 of plaintiff's affidavit in opposition.)

Allen F. Lovejoy, Esq., of Breed, Abbott & Morgan, Esqs., then counsel for Consolidated, in a letter to the latter's president dated July 10, 1961 stated:

"As I advised you, Mr. Botwick and Mr. Roberts at our meeting on June 29th, I recommend that Consolidated Research, as promptly a [sic] possible, prepare and have filed a Post-Effective Amendment * * *" (see affidavit of I. Arnold Ross, p. 6, sworn to October 12, 1971)

I. Arnold Ross, who was attorney for Kupferman, as Receiver, and is now attorney for Saxl, the successor Receiver of Vickers Christy, contends that the release was not intended to release Consolidated for the cause of action submitted to this court for trial in 1962.

■ As stated in Kenner v. C. I. R., 387 F.2d 689, 691 (7th Cir. 1968):

" ' "Fraud upon the court" should, we believe, embrace only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication'."

See also Lockwood v. Bowles, 46 F.R.D. 625 (D.C.Cir. 1969); Martina Theatre Corporation v. Schine Chain Theatres, Inc., 278 F.2d 798, 801 (2nd Cir. 1960); 7 Moore's Federal Practice, 2nd ed., § 60.23, p. 512.

In England v. Doyle, 281 F.2d 304, 309–310 (9th Cir. 1960) the court's opinion stated:

"In order to set aside a judgment or order because of fraud upon the court under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision. Hazel-Atlas Glass Co. v. Hartford Empire Co., 1944, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250; Root Refining Co. v. Universal Oil Products Co., 3 Cir., 1948, 169 F.2d 514. The motion to set aside on this ground is addressed to the sound discretion of the trial court. Title v. United States,

9 Cir., 1959, 263 F.2d 28; Siberell v. United States, 9 Cir., 1959, 268 F.2d 61. And the burden is on the moving party to establish fraud by clear and convincing evidence. Atchison, Topeka & Santa Fe Ry. Co. v. Barrett, 9 Cir., 1957, 246 F.2d·846."

Headnotes in the case of United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878), derived from page 66 of the opinion, are as follows:

"2. The frauds for which a bill to set aside a judgment or a decree between the same parties, rendered by a court of competent jurisdiction, will be sustained, are those which are extrinsic or collateral to the matter tried, and not a fraud which was in issue in the former suit.

"3. The cases where such relief has been granted are those in which, by fraud or deception practised on the unsuccessful party, he has been prevented from exhibiting fully his case, by reason of which there has never been a real contest before the court of the subject-matter of the suit."

█ No unconscionable plan or scheme designed to improperly influence the court in its decision has been revealed. Defendant had ample opportunity to offer the release if it saw fit. No fraud was committed which prevented the judicial machinery from performing in the usual manner its impartial task of adjudging cases that are presented for adjudication.

Counsel for the movant here contends that there was some obligation on the part of Kupferman, as Receiver of Vickers Christy, and Ross, his attorney at the time of the trial, to submit the release to the court. When Consolidated knew or at the very least should have known about this release and under the interpretations which apparently were considered by Ross and by Vickers Christy and possibly by defense counsel, this court is unable to draw a conclusion that there was a fraud upon the court under Rule 60(b) of the Federal Rules of Civil Procedure. The fact remains that (1) Consolidated knew or at least should have known about this release, and (2) Consolidated did not submit the release.

To proclaim a doctrine that is synonymous with permitting an allegation of newly-discovered evidence to be raised as a ground for a new trial nearly nine years after judgment would demolish the principle that there must be an end to litigation and obviously be contrary to the present rule of one year's limitation under Rule 60(b). Such a holding would also make one litigant in a civil case responsible for his adversary's tactics. Such is not the purpose of the provisions of the rule relative to fraud upon the court as it has been treated in prior appellate decisions.

The motion to set aside the judgment is denied.

The motion for a restraining order against certain proceedings in the state court is denied for the same reasons.

So ordered.