DECISION
Before this Court is petitioner's fourth petition for attorney's fees in the above-entitled case.
Facts/Travel
In 1982, Amy Adler (hereinafter "plaintiff") instituted this action against Lincoln Housing Authority (hereinafter "defendant") and John Palma alleging that defendants discharged her from employment due to her exercise of constitutionally protected speech. Plaintiff's action was brought under the Civil Rights Act, 42 U.S.C. § 1983 (1979). In 1986, the Supreme Court reversed the granting of a directed verdict on the civil rights claim and ordered a new trial. At the retrial of February 1989, the jury found for the plaintiff and awarded plaintiff $57,500.00 in compensatory damages and $50,000.00 in punitive damages. Later the punitive damages were awarded against only the defendant, John Palma.
This Court has rendered three fee decisions relative to this case thus far. In the first fee decision ("Fee Decision I"), the trial judge awarded attorney's fees in the amount of $86,900.55 which included litigation costs through February 23, 1989.
In the second fee decision ("Fee Decision II"), the Court awarded plaintiff attorney's fees to cover fees accumulating from February 24, 1989 through May 15, 1990. These attorney's fees were the result of work performed in relation to defendant's unsuccessful appeal to the Rhode Island Supreme Court. Also included in this fee award were the costs of preparation and litigation of the first and second fee petitions.
A third fee decision ("Fee Decision III") awarded plaintiff attorney's fees for costs incurred from May 16, 1990 to June 21, 1990. The majority of the costs required in the third petition were relative to plaintiff's efforts to collect the judgment from the defendants. The trial justice awarded attorney's fees plus statutory interest form the date of the award.
This fourth petition for attorney's fees also arises from plaintiff's efforts to enforce the judgment. Plaintiff seeks attorney's fees for services rendered from June 22, 1990 to February 4, 1994. The amount requested for attorney's fees is $45,977.09. The services performed included preparation of Fee Petition III, motions to garnish the wages of John Palma, and other such attempts to collect the judgment. Costs also included the preparation of a writ of mandamus and an appeal to the Supreme Court to determine whether the issuance of mandamus was a proper remedy.
Arguments relative to this petition for attorney's fees were heard on July 6, 1994. Defendant has objected for three reasons. First, defendant objects to the award of fees because the action is not directed toward co-defendant John Palma. Second, defendant objects to the award of fees relative to plaintiff's application for issuance of writ of mandamus. Plaintiff requested that a writ be issued. The defendant objected, and the Superior Court sustained defendant's objection. Plaintiff then appealed this decision to the Rhode Island Supreme Court. Defendant argues that the Supreme Court's decision to remand the case to determine whether the issuance of a writ of mandamus would be effectual does not place the plaintiff into the category of a "prevailing party" who would be entitled to recover attorney's fees under42 U.S.C. § 1988 (1976). Third, defendant claims that a disproportionate amount of work was done by the named partner at his higher rates when the employees could have done the same work at a lower rate. Additionally, defendant argues that the fees requested are unreasonable. Defendant cites the fact that the amount requested for fees has exceeded the judgment. Finally, defendant moves this Court to vacate its prior judgments with respect to its award of attorney's fees, namely to recalculate said awards without the multipliers or enhancements which were added thereto.
Decision
This Court's authority to award attorney's fees in this case is found in 42 U.S.C. § 1988 (1976). This section provides:
 In any action or proceeding to enforce a provision of sections . . . 1983 . . . the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
It is well established that a plaintiff prevailing in a Civil Rights Action "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Newmanv. Piggie Park Enterprises, 390 U.S. 400, 402 (1968). See also,Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). Attorney's fees resulting from a prevailing party's attempt to collect a judgment are compensable under the statute. Gary W. v. Louisiana,441 F. Supp. 1121 (E.D. La. 1977); aff'd. 622 F.2d 804 (1980), cert. den. 450 U.S. 994 (1981). Also, time spent preparing the fee petition is compensable. See Durett v. Cohen, 790 F.2d 360, 363 (3rd Cir. 1986).
This Court finds no merit to defendant's objections for the following reasons. First, a review of the affidavits and billing statements indicates that an overwhelming portion of the attorney's fees was due to plaintiff's efforts to collect the judgment rendered against this defendant so the request for fees is proper despite the absence of John Palma as a party. Furthermore, an action cannot even be brought against John Palma since he has filed for bankruptcy under Chapter 7 and is, therefore, protected by the automatic stay provision of the Bankruptcy Code. 11 U.S.C. § 362.
Second, contrary to defendant's contention, plaintiff is a "prevailing party" under 42 U.S.C. § 1988 (1976). Plaintiff prevailed on her Sec. 1983 claim in 1989. The fees requested in this petition resulted primarily from reasonable actions to enforce the 1989 judgment. These actions are compensable.
This Court is mindful that attorneys billing at a higher rate may "perform their duties in fewer hours than less experienced attorneys who may bill at a lower rate." In Re Public ServiceCo. of New Hampshire, 160 B.R. 404, 408 (Bkrtcy. D.N.H. 1993) (citations omitted). A review of petitioner's billing statements indicate that court appearances, review of files, telephone conferences, and preparation for hearings were done by the partner attorney, Joseph Penza, himself. See Affidavit in Support of Fourth Petition for Award of Attorney's Fees. Furthermore, it is to be expected that an attorney will do some of his own research and writing in order to ensure the highest quality of work possible. "A court is presumed to be knowledgeable as to fees generally charged by attorneys and the quality of services rendered in the matter; equally it may be presumed to be knowledgeable as to the reasonable time and the number of attorneys required to perform services competently and effectively in furthering the success of a litigation." Blank v.Talley Industries, Inc., 390 F. Supp. 1, 4 (S.D. New York, 1975). Thus, this Court does not regard as unusual the named partner's doing much of the aforesaid work, albeit at a higher rate with respect to the instant case.
Additionally, defendant's argument that the fees requested are unreasonable is not meritorious. The prevailing party is entitled to a reasonable fee. 42 U.S.C. § 1988. The "reasonable fee" has been determined by the "lodestar" method which is "the product of reasonable hours times a reasonable rate." Burlingtonv. Dague, et al, 505 U.S. ___, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). Furthermore, the courts must consider the following factors when calculating a fee award: "(1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; [and] (12) awards in similar cases." Palmigiano v.Garrahy, 616 F.2d 598 at 600 (1980) (citing Johnson v. GeorgiaHighway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).
Having considered these factors, the Court finds that the plaintiff's request is reasonable and well-documented and accepts the affidavits of the attorneys in support thereof. The Court finds that the substantial time expended in this civil rights litigation was warranted given the work required here. For example, twenty minutes for telephone conferences and less than an hour to prepare orders are reasonable amounts of time. The number of such activities that were necessary in the instant, protracted action was substantial but reasonable. Affidavit in Support of Fourth Petition for Award of Attorney's Fees. Furthermore, after review, the Court is satisfied that during the period when Jones Associates was handling the recent appeal, there was no duplication of work by trial attorney, Joseph Penza. The skill of the attorneys has been exemplary, particularly in light of the complicated nature of Civil Rights litigation. Additionally, the rate requested is fair and reasonable at $90 per hour for a junior associate and $175 per hour for the named partner in this particular law firm. Finally, the "Costs and Expenses" billed by the attorneys — $2,308.09 by Olenn Penza and $1,388.10 by Jones Associates — were reasonably incurred and billed. Although the total amount awarded for fees in this case exceeds the amount of the judgment, the higher fees were caused by defendant's refusal to pay the judgment, necessitating the costs required to institute legal action to force the defendant to pay. Thus, the excessive fees are the defendant's own fault not the result of plaintiff's attorney's inflating the costs, as suggested by the defendant.
Finally, citing no particular provision of Rule 60(b), defendant has moved this Court to vacate its prior judgments in this case with respect to attorney's fees. Citing Burlington,supra, wherein the Court found that enhancement of a fee award beyond the lodestar was improper in a fee-shifting case, defendant asks this Court to recalculate its previous awards of attorney's fees or to subtract previous amounts awarded pursuant to enhancement calculations from the instant award. Consistent with Burlington, this Court will not apply any multiplier or enhancement to the lodestar used in the calculation of attorney's fees in the "Fourth Petition" at bar. However, with respect to vacating its earlier judgment, this Court is mindful that ". . . a change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment." Bailey v. Ryan Stevedoring Co.,Inc., 894 F.2d 157, 160 (5th Cir. 1990) (quoting McKnight v.United States Steel Corp., 726 F.2d 333, 336 (7th Cir. 1984);Title v. United States, 263 F.2d 28, 31 (9th Cir. 1959)). InBailey, an attorney who was denied attorney's fees under sections of the Civil Rights Act of 1964 because he was not considered a "prevailing party" under then applicable case law, was not permitted pursuant to 60(b)(5) to vacate that judgment which became erroneous under a subsequent U.S. Supreme Court decision. Quoting Lubben v. Selective Service System LocalBoard, No. 27, 453 F.2d 645, 650 (1st Cir. 1972) (citations omitted), the Bailey court reasoned:
 It should be noted that while 60(b) (5) authorizes relief when a judgment upon which it is based has been reversed or otherwise vacated, it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overrruled or declared erroneous in another and unrelated proceeding.
Id. at 160.
Furthermore, in Marshall v. Board of Education, Bergenfield, NewJersey, 575 F.2d 417 (1978), a federal district court refused to vacate under Rule 60(b) (6) an award of damages for past overtime wages wrongfully withheld despite its having made such an award relying on case law which was subsequently overruled by the Supreme Court in an unrelated case. Refusing to vacate the award, the district court analogized the finality of its award of past wages to the finality of a judgment a law for damages for past wrongs which is ". . . `inherently final' (citations omitted), and remains unaffected by a subsequent change in the law." Id.
at 425 (citations omitted). Accordingly, this Court's award of attorney's fees pursuant to plaintiff's Fourth Petition for Attorney's Fees will not include a reduction based on the enhancements added to its fee awards in the three, previous final decisions, and this Court further denies defendant's motion to vacate those three, previous fee awards.
After review of plaintiff's counsel's documents including billing statements and supporting affidavits, this Court finds that plaintiff's fourth request for attorney's fees is reasonable. Accordingly, plaintiff has proven her entitlement to attorney's fees in the amount sought.
Counsel shall prepare the appropriate judgment for entry.