MEMORANDUM ***
Robert and Mary Ann Nichols appeal from a judgment of the Ninth Circuit Bankruptcy Appellate Panel affirming the bankruptcy court’s partial denial of the Nichols’ motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(5). We also affirm, although on grounds different than those stated by the BAP.
*514 The Nichols contend they are entitled to relief from the bankruptcy court’s judgment of nondischargeability under the third clause of Rule 60(b)(5), which authorizes a court to grant relief from judgment when “it is no longer equitable that the judgment should have prospective application.” Id. But their request that the nondischargeability judgment be reduced by half is beyond the scope of that rule. The judgment of nondischargeability entered against the Nichols has no “prospective application” within the meaning of the rule; their request to reduce the judgment by half is not based on any subsequent and unanticipated change in factual conditions or in the law; and the rule does not permit review of issues that should have been raised on direct appeal from the original judgment. See Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 383-84, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992); Flores v. Arizona, 516 F.3d 1140, 1163 (9th Cir. 2008); United States v. Asarco Inc., 430 F.3d 972, 979 (9th Cir.2005); Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.1995) (explaining that “prospective application” requires that the judgment be “executory” or involve “the supervision of. changing conduct or conditions”).
The Nichols’ request to reduce the nondischargeability judgment by half is essentially a challenge to the bankruptcy court’s underlying legal ruling that the Nichols’ claim objection and the appellee’s alleged partial assignment of her claim are immaterial to the nondischargeability proceedings. Yet “motions for relief from judgment may not be used to remedy a failure to contest in the first instance the legal rulings underlying the judgment itself.” Flores, 516 F.3d at 1163; see also Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). The bankruptcy court therefore did not abuse its discretion in partially denying the motion.
Given our conclusion, we need not reach the merits of the Nichols’ contention that the judgment of nondischargeability should have been reduced by half. Even assuming the Nichols are correct, they are not entitled to relief under Rule 60(b)(5). See Title v. United States, 263 F.2d 28, 30-31 (9th Cir.1959) (expressly recognizing that the underlying judgment was erroneous, yet denying Rule 60(b)(5) relief because the error should have been raised in a direct appeal).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.