**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MORELLA LOMBARDI, | No. 13-55488 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-04264-MWF-PLA |
| v. | |
| SHAUN DONOVAN, Secretary, United States Department of Housing and Urban Development; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 5, 2015
Pasadena, California

Before: PREGERSON and W. FLETCHER, Circuit Judges, and CARR, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James G. Carr, Senior United States District Judge for the
Northern District of Ohio, sitting by designation.

Morella Lombardi sued the United States Department of Housing and Urban Development and several of its officers and employees, alleging they violated Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a), and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*

Defendants moved for summary judgment, but Lombardi's counsel twice failed to file a timely opposition. The district court, exercising its authority under Fed. R. Civ. P. 56(e) to treat the motion as unopposed, held there were no material factual disputes for trial and granted judgment for the defendants.

Before the court entered judgment, Lombardi's attorney filed what he styled an *ex parte* application for relief under Fed. R. Civ. P. 60(b). He argued that his failure to file a timely opposition constituted "excusable neglect" under Rule 60(b)(1), and that unspecified "extraordinary circumstances" warranted relief under Rule 60(b)(6). The district court recognized that counsel's pre-judgment filing was not a true Rule 60(b) motion but concluded that, even if the Rule applied, counsel had shown no basis for relief under either provision.

Counsel filed no appeal on Lombardi's behalf from the order granting summary judgment. Rather, more than two months after the entry of final judgment, he moved for relief under Rule 60(b)(6). His argument was that defendants' summary-judgment motion failed to show there was no genuine dispute of material fact, and that such a

2

failure was an extraordinary circumstance. Citing the reasons set forth in its orders granting summary judgment and denying counsel's *ex parte* application, the district court denied the motion.

Lombardi, still represented by the same lawyer who mishandled her case in the district court, now appeals from the order denying the Rule 60(b)(6) motion. We conclude the district court did not abuse its discretion in denying the motion. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006).

First, Lombardi has identified no extraordinary circumstances warranting relief from judgment under Rule 60(b)(6).

The only extraordinary circumstance Lombardi cites—that defendants' summary-judgment motion was insufficient to show there were no disputed factual issues for trial—is only a thinly disguised and entirely unfounded attack on the correctness of the order granting summary judgment. If the district court erred in granting summary judgment, Lombardi's attorney should have appealed. Because he did not do so, he could not use a Rule 60(b)(6) motion to make arguments properly reserved for appeal. *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982); *Title v. United States*, 263 F.2d 28, 31 (9th Cir. 1959).

Second, the record refutes Lombardi's argument that the district court misapplied the law in denying the Rule 60(b)(6) motion.

According to Lombardi, when the district court denied her Rule 60(b)(6) motion, it incorporated by reference only the reason it gave for concluding, in connection with Lombardi's *ex parte* application, that Lombardi had not shown excusable neglect under Rule 60(b)(1). Thus, Lombardi contends, the district court never considered whether defendants' alleged failure to carry their burden at the summary-judgment stage warranted relief from judgment.

Lombardi is wrong. When the district court denied the Rule 60(b)(6) motion, it incorporated by reference "the reasons set forth in the Court's Order Granting Defendants' Motion for Summary Judgment and Order Denying Lombardi's Ex Parte Application." This statement shows the court relied not only on its no-excusable-neglect finding, but also on its findings that (1) no extraordinary circumstances warranted relief from judgment and (2) defendants had shown there were no genuine issues of material fact for trial.

In sum: the District Judge, doing more to protect Lombardi's right to be heard than her own lawyer, exercised exemplary patience with an attorney who consistently ignored the Court's orders. Lombardi has no one to blame except her attorney. We leave it to her to decide whether to pursue a malpractice action or file a complaint with the appropriate disciplinary authorities.

**AFFIRMED.**

4