NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDON APELA AFOA, an individual, | No. 19-35626 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-00028-JCC |
| v. | |
| CHINA AIRLINES, LTD., a foreign corporation; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JOHN BEAN TECHNOLOGIES CORP., DBA JBT Corporation, an Illinois corporation; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 4, 2020**
Seattle, Washington

Before:  GOULD, BEA, and MURGUIA, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Brandon Afoa appeals the district court's denial of his motion to vacate the court's final judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts and procedural history of this case, we recite only those facts necessary to decide this appeal. Afoa was severely injured while driving a luggage vehicle for a cargo company at Seattle Tacoma Airport. He brought two separate actions in state court for failure to provide a safe work environment under Washington state common law and the Washington Industrial Safety and Health Act of 1973 ("WISHA")—one against the Port of Seattle (the "Port") and one against four airlines, China Airlines, Hawaiian Airlines, EVA Airways, and British Airways (the "Airlines").

The suit against the Airlines—the instant case—was removed to federal court. The district court dismissed Afoa's claims against EVA and British Airways on the pleadings for failure to state a claim, granted summary judgment to China and Hawaiian Airlines, and rendered a final judgment against Afoa.

Subsequently, the trial court in the state case against the Port allowed the Port to amend its answer to add an "empty chair" defense, whereby the Port could introduce evidence at trial that the Airlines were at least partially at fault for Afoa's injury. Following a five-week trial, a jury awarded Afoa $40 million in damages, concluding that the Port was 25% liable, each airline was 18.7% liable, and Afoa

was 0.2% liable for his injuries. Because the Airlines were not part of the state action, the court entered judgment only against the Port for $10 million.

After the Port satisfied the judgment in the state action, Afoa filed a motion in the instant case pursuant to Federal Rule of Civil Procedure 60(b)(6), asking the district court to vacate its judgment in light of the inconsistent outcomes in the state and federal proceedings. The district court denied the motion.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008).

Rule 60(b)(6) provides that, on motion, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason [in addition to those categories specified in Rules 60(b)(1)–(5)] that justifies relief." Fed. R. Civ. P. 60(b)(6). A party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting *Cmty. Dental Srvs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)). We have repeatedly cautioned that Rule 60(b)(6) should be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Id.* (quoting *United States v. Washington*, 394 F.3d 1152,

1157 (9th Cir. 2005)); *see also United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

1. Afoa first argues that we should vacate the district court's judgment in favor of the Airlines because he received substantially disparate outcomes in state and federal court. We have unequivocally held that "Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge[.]" *Latshaw*, 452 F.3d at 1099. Here, Afoa made strategic litigation decisions that inevitably led to disparate outcomes in state and federal court: He filed two separate actions against the Airlines and the Port, and he chose not to present any evidence in support of his claims against the Airlines in federal court, representing in this federal proceeding that he was "certain that Hawaiian Airlines, China Air, Eva Air, and British Air *are not responsible for the loss*, that the Port of Seattle is and always has been responsible for the loss, and [he] therefore does not oppose the dismissal of claims against Hawaiian Airlines." Afoa's litigation strategy to drop the claims against the Airlines in federal court backfired when the trial court in the state proceeding allowed the Port to assert the "empty chair" defense and the jury found the Airlines were mostly liable for Afoa's injuries. But, as this Court held in *Latshaw*, this type of "litigation decision" that Afoa has "later come[] to regret" is not reversable through a Rule 60(b)(6) motion. 452 F.3d at

4

1099.

Moreover, rather than moving for reconsideration or appealing the district court's orders dismissing his claims against the Airlines, Afoa purposely waited until the jury determined that the Port was not entirely liable for his injuries in the state action before he asked the district court to vacate its judgment. The Supreme Court has cautioned that granting a Rule 60(b)(6) motion is not appropriate where a petitioner makes a "calculated and deliberate" choice not to appeal the district court's allegedly erroneous judgment. *Ackermann v. United States*, 340 U.S. 193, 198 (1950); *see also Title v. United States*, 263 F.2d 28, 31 (9th Cir. 1959) ("Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal."). Accordingly, the district court did not abuse its discretion in denying Afoa's Rule 60(b)(6) motion.

2. Afoa also argues that the Washington State Supreme Court's decision in *Afoa v. Port of Seattle* ("*Afoa II*"), 421 P.3d 903, 907 (Wash. 2018), constitutes a change in controlling substantive law that warrants vacating the district court's judgment. But far from changing the law, the *Afoa II* decision reiterated the longstanding rule articulated in prior Washington State Supreme Court cases that "[i]n the context of the WISHA specific and common law duty to provide a safe work site, control exists where 'there is a retention of the right to direct the manner in which the work is performed.'" *Id.* at 912 (first quoting *Kamla v. Space Needle*

5

*Corp.*, 52 P.3d 472, 476 (Wash. 2002); and then citing *Carabba v. Anacortes Sch. Dist. No. 103*, 435 P.2d 936, 947–48 (Wash. 1967)). This is exactly the legal rule that the district court applied to dismiss Afoa's claims against the Airlines. Indeed, the *Afoa II* court attributed the disparate outcomes in state and federal court to Afoa's strategic litigation decisions, not to any difference in the applicable controlling law. *Id.* at 913–915 (explaining that Afoa was unable to recover from the Airlines in state court because he "initiated separate proceeding[s] [against them] and failed to ask the jury to find the Port vicariously liable for the airlines' fault by finding agency," and "the federal court's summary judgment did not preclude the Port from making its empty chair defense [in state court]," given that "the Port was not a party in the federal suit").

**AFFIRMED.**